SHEA v. THE CITY OF OTTUMWA.

1. **Cities and Towns:** DEDICATION OF STREET: UNACKNOWLEDGED PLAT: SALE OF LOTS: ANIMUS DEDICANDI. Where the proprietors of an addition to the defendant city made and had recorded a plat of the addition, but the same was not acknowledged as required by law, and they sold and conveyed lots bounded according to the descriptions in the plat, *held* that proof of these facts was sufficient to establish the inten-

67    39
a109 481

67    39
116   710

67    39
118   297

67    39
120   79

67    39
124   524

67    39
127   660

67    39
130   602

67    39
134   433

67    39
144   356
144   358
144   545

tion of the proprietors to dedicate to public use the streets shown by the plat, notwithstanding it was not acknowledged.

2. ———: LOSS OF STREET BY NON-USER: FACTS NOT AMOUNTING TO. Where land in a city was dedicated to public use for a street, but it was rough and hilly, and was needed and used by the public but little for thirty years, when the city proceeded to grade it, *held* that the delay in improving it did not cause it to revert to the dedicator.

*Appeal from Wapello District Court.*

FRIDAY, SEPTEMBER 25.   ·

ACTION in chancery to quiet the title to certain lands, and to recover damages for entering upon and grading a street thereon. A decree was entered for defendant, declaring the land to be a part of the street. Plaintiff appeals.

*John F. Lacey, P. H. Riordan* and *Sloan, Work & Brown,* for appellant.

*Charles Hill* and *McNett & Tisdale,* for appellee.

BECK, CH. J.—I. The plaintiff in her original petition claims title to the land in controversy under possession for a time longer than the period prescribed by the statute to bar actions to recover lands, alleging that she has acquired title by " prescription." In an amended petition, she claims title under conveyances from the original owners, as well as by "prescription." But the conveyance to her, as shown by the evidence, was executed after this suit was commenced. The defendant claims that the land is a part of the street, as shown by the plats of the city, and thereby the land in controversy was dedicated as a street to public use.

II.   It would be difficult, if not impossible, to present the facts in issue involved in the question of the existence of a

1. CITIES and towns: dedication of street: unacknowledged plat: sale of lots: animus dedicandi.

street upon the land, without presenting the maps or plats of the city dividing the property into town lots, and dedicating the streets to public use. This is not necessary in order to announce our decision of the case, and, if done, it would serve

no useful purpose in aiding to express or illustrate principles of law. It is sufficient to say that the land in dispute is shown to be a part of the street by an amended or supplemental plat made and filed for record after the original plat of the city was recorded. But it is objected to this plat that it was not acknowledged as required by law. We do not think plaintiff is benefited by the defect. We think that the existence of the plat, and the sales of lots, bounded according to the description of the plat, by the person platting the land, which is shown by the record, would establish the *animus dedicandi*, which, when shown, is sufficient to establish a way or street, even if there be no record thereof made in the form prescribed by law.

III. But it is urged that there was no acceptance of the dedication by the public, or by the city for the public, for more than thirty years after the dedication, when the street was graded. It is shown that the street remained uninclosed, that the land was rough and hilly; and for that reason it was used but little by the public. It appears that, when the wants of the public demanded it, the city proceeded to grade the street at the point in dispute. It would not do to hold that city streets, dedicated to the public over hilly, rough land would revert to the dedicator if they were not improved and used by the public until the wants of the public travel demand it. In some of the cities of this state there are streets in some portions thereof over which no vehicle nor even horseman has passed, and yet they were dedicated more than thirty years ago. They have not been used for the reason that, until graded, they are incapable of use. The dedication will be presumed by the law to have contemplated this state of things, and imposed no condition upon the public to use the street until the public wants demanded and secured their improvement.

The plaintiff has failed to show that she has held such possession of the land as would bar the right of the public acquired under dedication. We think, therefore, that the city,

2. ——: loss of street by non-user: facts not amounting to.

in grading the street thirty years after the dedication, was not too late in accepting it.

These views and conclusions as to the facts, in our opinion, are decisive of the case, and dispose of the controlling questions therein. The decree of district court is

AFFIRMED.