OLE TARALDSON, Appellant, v. THE INCORPORATED TOWN OF LIME SPRINGS *et al.*; THOMAS GATES, Appellant, v. SAME DEFENDANTS.

**Real Property:** WHAT IS ALLEY. Where a plat shows streets, sets out lots and blocks by number without naming them as lots and blocks, and has a certificate of the proprietor that he has caused the "same to be laid off into lots * * * and alleys," narrow strips on the plat running between the blocks, are intended to be alleys. 1

**Dedication:** ACCEPTANCE. If the use for a public alley, when dedicated, is small, slight evidence of use shows acceptance. 2

**Statute of Limitation** based on adverse use will not run against a city's *opening* a public alley. A municipal corporation is not estopped because it neglects to use property set apart for public use, during a period of ten or more years, during which the public needs have not required such use. *City v. Mill Co.*, 72 Iowa, 437, followed; *Davis v. Huebner*, 45 Iowa, 754; *Orr v. O'Brien*, 77 Iowa, 253; *Smith v. Gorrell*, 81 Iowa, 218, and *McAllister v. Pickup*, 84 Iowa, 65, distinguished. 3 4

| | |
|---|---|
| 92 | 187 |
| 97 | 601 |
| 92 | 187 |
| 103 | 3 |
| 92 | 187 |
| 105 | 202 |
| 92 | 187 |
| 106 | 389 |
| 92 | 187 |
| 109 | 250 |
| 109 | 431 |
| f109 | 432 |
| 92 | 187 |
| 116 | 193 |
| 116 | 409 |
| 116 | 710 |
| 92 | 187 |
| 120 | 547 |
| j120 | 553 |
| 92 | 187 |
| 127 | 661 |
| 92 | 187 |
| 131 | 215 |
| 92 | 187 |
| 133 | 465 |
| 92 | 187 |
| 134 | 433 |
| 92 | 187 |
| 138 | 431 |
| 92 | 187 |
| 144 | 356 |
| 144 | 359 |

*Appeal from Howard District Court.*—HON. L. O. HATCH, Judge.

WEDNESDAY, OCTOBER 17, 1894.

INJUNCTION to restrain the defendants from opening a public alley. Decree for defendants, and the plaintiffs appealed.—*Affirmed.*

*H. T. Reed* for appellants.

*Barker & Upton* for appellees.

GRANGER, C. J.—I. The defendants, other than the town, are its officers. Block 21 of the town contains eighteen lots, nine of which front north on Merrill street, and nine south on Franklin street. Plaintiff Taraldson owns three lots and a part of another lot fronting north, and three lots and a part of another

fronting south. Plaintiff Gates owns one lot and a part of another fronting north, and one and a part of another fronting south. Through the block, from east to west, is a strip of land about twenty feet in width, on which all the lots abut, and which the town of Lime Springs claims as a public alley. These plaintiffs, or those under whom they claim, have owned these lots since about 1877. The town of Lime Springs was incorporated in 1869. At the time of the incorporation, the strip of land and the adjoining lots were inclosed together, and have since been until just before the commencement of this suit, in October, 1892, when there was an attempt to open the strip as a public alley, and this proceeding was instituted to prevent it.

It may be well to first settle some contentions as to facts. It is said by appellants that the strip of land is not a public alley, and among the reasons given therefor are these: That the strip is not indicated as an alley, nor is there anything to show its width. The facts, to us, seem otherwise. Because of disagreements as to the correctness of the abstracts, we have gone to the transcript, where a certified copy of the town plat appears, with a copy of the field notes filed with the plat. The plat shows blocks, lots, streets, alleys, and public grounds. It is true that the word "alley" does not appear on the plat, but the streets are named in the usual way. The blocks and lots are numbered, but the word "block" or "lot" does not appear on what is conceded to be block 21, nor on any of the other numbered blocks. That they are lots and blocks is not questioned, nor should it be, and we think it equally clear that the strips of land passing through the blocks were intended as alleys. The record of platting contains a certificate of the proprietor that he has caused the same to be "surveyed and laid off into lots, streets, alleys, and public grounds, as shown by the plat." The strip in question is a part of a con-

tinuous strip extending east and west through six blocks, numbered from 17 to 22. On other parts of the plat are similar strips through blocks, but none are, on the plat, designated as alleys. That they are alleys, and dedicated to the public as such, is not open to a reasonable doubt. The record just as conclusively shows the width of the alley in question. The field notes, that are a part of the record, state that "all the alleys are twenty feet wide, except those between Merrill and Howard streets, which are nineteen feet wide." The alley in question is between the streets named, and is, hence, nineteen feet wide. With it established that the strip was, at the platting of the town, a public alley, and its limits defined, we may properly consider other questions.

It is also claimed that, even though there was a dedication of the alley by the recording of the plat, there is nothing to show an acceptance on the part of the public. The evidence shows that, for some years, the alley was used to some extent—as much as it naturally would be with the then settlement of the town. There was at that time, and has since been, but little, if any, use for the alley, but we are not to forget that there are prospective as well as present considerations in such enterprises. The record shows that this alley had for a time such recognition by the public as is general in such cases, considering the surroundings. The necessity for its use then was slight, and hence the evidence of acceptance slight, but it was sufficient. There should be reasonable presumptions in favor of the preservation of such public interests, and the acts to constitute an acceptance on the part of the public need be such only "as the public wants demanded." *City of Waterloo v. Union Mill Co.*, 72 Iowa, 437, 34 N. W. Rep. 197.

II. Another claim of appellants is that, having been in open, exclusive, and continuous possession of

the strip for more than ten years, the town is now estopped from claiming the alley.    Considerable importance is attached to the fact that the plaintiffs have improved their lots as if there was no alley, that the alley, if opened, will separate their barns from their dwellings, and that, as to Taraldson, it will necessitate his moving some of his buildings.  As to the latter claim, of moving buildings, it may be that one or more outbuildings are a little on the alley, but it is not a matter of serious importance.    The separation of their lots is a fact they should have known and understood from the records.    They bought only the lots.    The record, if examined, was so plain that no one could be deceived. It is a fact that they are in possession of land that no one ever pretended to sell them, and which Gates, at least, knew to be claimed as an alley; and the case, as to the plaintiffs, is without strong, if any, equities.

But we may further say that the incorporated town is not to be estopped on such grounds.    The plea of an estoppel presents the question of the statute of limitations.    Appellants rely on a line of cases, such as *Davies v. Huebner*, 45 Iowa, 574;  *Orr v. O'Brien*, 77 Iowa, 253, 42 N. W. Rep. 183;  *Smith v. Gorrell*, 81 Iowa, 218, 46 N. W. Rep. 992;  *McAllister v. Pickup*, 84 Iowa, 65, 50 N. W. Rep. 556.    These are cases in which the doctrine of estoppel has been applied as to the public, where it claimed an easement in the nature of a public highway because of a total abandonment of it for more than ten years, and where private rights had been acquired under long, adverse possession.    This case does not come within the rule of those, either as to the rights acquired by adverse possession, or as to other facts.    In this case the courts are asked to enjoin a municipal corporation from the discharge of duties devolving upon it in behalf of the public merely because of its neglect to use property set apart to public use, as by ''deed in

fee simple" (Code, sec. 561), for a period of ten or more years, when the public needs have not required it. The effect would be to transfer the title from the public to a private person because of such a nonuser. This question was involved in *City of Waterloo v. Union Mill Co.*, *supra;* and it is there held that the statute of limitations will not run against a city, in the discharge of its duties in establishing and maintaining a street, and the particulars as to which the statute will run, in a general way, are designated, but a case like those at bar is not included. The authority is as applicable to a public alley as to a street. Code, secs. 464, 465. The opinion in the case last referred to cites *Davies v. Huebner*, and other cases, as showing them not applicable to the case of a municipal corporation. We regard this authority as so conclusive of the question arising upon the statute of limitations that we do not refer to authorities cited from other states. The judgments below are in accord with our views, and they are AFFIRMED.