City of Keokuk, Appellee, v. Henry Cosgrove et al., Appellants. H. M. Roach et al., Interveners, Appellees.

**Conditional Dedication:** EVIDENCE. The owner of a block conveyed a lot, except the west 10 feet, dedicated as an alley; and a purchase money mortgage, conditioned to be void if the purchase money notes were paid, recited that the mortgagee would dedicate ten feet adjoining the ten feet reserved in the deed. The mortgage notes were not paid, and the lots, excepting the ten-foot strip, were sold. Subsequently the block owner sold the lot west of the lots, less the east ten feet. More than twenty years after the first deed he sold the land embraced in the two strips. He testified, on an issue as to the dedication, that he intended to dedicate the 20-foot strip. Held, that a contention that the dedication was conditional on payment of the purchase money mortgage was of no merit.

REVOCATION. Where a land owner dedicates a strip as an alley, neither he, nor his grantee of such strip, can revoke the dedication as to those purchasing and making improvements with reference to the dedication.

Acceptance: *Evidence.* On an issue whether an alley dedicated to the public had been accepted, it appeared that work had been done on the alley by the street supervisor;· that the public had used it as convenience had required and that it had been platted and not assessed for taxes for several years. *Held,* that there had been an ·acceptance.

*Acceptance may be shown by acts other than confirmation by ordinance.* Code 1873, section 527, enacting that no alley thereafter dedicated to the public shall be deemed a public alley unless the dedication is confirmed by ordinance, does not prevent an acceptance being shown by other acts than the adoption of a formal ordinance.

*Appeal from Lee District Court.*—Hon. H. Bank, Jr., Judge.

Wednesday, April 9, 1902.

This is a controversy over a strip of ground in block 121 of city of Keokuk. Plaintiff and interveners claim that the strip was dedicated and accepted as a public alley more than ten years before the commencement of this action, while defendants insist that the dedication was conditional, that the condition was broken, and that there was no acceptance by the public of the alleged dedication. The trial court found in favor of plaintiff and interveners, and defendants appeal.—*Affirmed.*

*W. J. Roberts* and *B. A. Dolan* for appellants.

*W. L. McNamara, A. Hollingsworth,* and *James C. Davis* for appellees.

Deemer, J.—George Cabus at one time owned the whole of block 121 in the city of Keokuk. When the block was platted an alley running east· and west through the block was dedicated to the public. Cabus concluded to change the frontage of the lots lying in the north half of the block and on February 2, 1872, he sold lots 10, 11

and 12 to one Madden, "except the west ten feet of lot ten, which is hereby reserved and dedicated as a public alley." Madden gave back a purchase money mortgage, which contained this stipulation: "* * * except ten feet off the west side of lot ten hereby conveyed; the whole being 140 feet on Tunea street, by 140 feet deep to an alley in said block; all in the city of Keokuk; it being understood and agreed that the said Cabus is also to dedicate as a public alley 10 feet adjoining the ten feet hereby reserved off the east side of lot 9 in said block to complete the 20-foot alley." This mortgage contained the usual stipulation that it was to be void if Madden should pay the notes secured thereby. Madden failed to pay, and his mortgage was foreclosed, and one Voorhees became the owner of the lots covered thereby, under a sheriff's deed. This deed conveyed lots 11 and 12 and the easterly forty feet of lot 10, "being 140 feet square, in block 121." Interveners hold title to these lots through certain mesne conveyances from Voorhees, each of which recognized the 10 foot strip on lot 10 as an alley. They had made improvements with reference to its being an alley, and had always used it as such. In 1889 Cabus conveyed the easterly half of the north half of the block to one Rand; the deed describing the property as "lots 7 & 8, and the westerly 40 feet of lot 9." Rand conveyed to the defendants, using the same description to designate the property transferred. In 1895 Cabus deeded to James Finnegan the westerly 10 feet of lot 10 and the easterly 10 feet of lot 9, for the expressed consideration of $150; the deed reciting that "he hereby sells and quitclaims" the property. On the same day Finnegan sold and quitclaimed the 20-foot strip to the defendants; his deed reciting "that I hereby revoke, withdraw, annul, and cancel any and all offers of said George Cabus to dedicate any part or all of the above described premises to public use, and I revoke, cancel, withdraw, and

annul the offer made by my grantor, George Cabus, to James Madden."

The following plat taken from the records of Lee county will aid in understanding the facts above recited:

It is not claimed that there was statutory dedication to the public of the tract in dispute, and, if it be an alley, it is because of a common law dedication, and acceptance by the public. In addition to the statements and reservations contained in the deeds and mortgage above referred to, we have the testimony of Cabus that in making these instruments he intended to dedicate the 20-foot strip to the public. Surely acts of dedication and *animus dedicandi* are established. Appellants argue, however, that the dedication was conditional on Madden's paying the mortgage indebtedness. The mortgage does not so recite. It was to become void in the event Madden paid. Aside from this, the evidence shows not only that the dedication was unconditional, but that the purchaser at sheriff's sale and his subsequent grantees all recognized the west 10 feet of lot 10 as an alley dedicated to public use. There is nothing to indicate a conditional dedication, save the deed made by Cabus to Finnegan of the tract in dispute. But as that deed was made more than 20

years after the dedication, we do not think it should prevail over the explicit statement of Cabus that he intended to dedicate the strip unconditionally to the public at the time he made his deed to Madden. His conduct clearly negatives the thought that he intended a conditional dedication. Voorhees' title under the sheriff's deed was derivative, and not independent, and the fact that Madden failed to pay the mortgage indebtedness is of no significance.

Finding, as we do, that there was a dedication, we next look to see if there was such an acceptance thereof by the public as to complete the grant. As interveners purchased with reference to this strip being an alley, and made improvements with reference thereto, neither Cabus nor his grantee may revoke the dedication as to them. *Cook v. City of Burlington,* 30 Iowa, 103; *Cadle v. Railroad Co.,* 44 Iowa, 14; *Leffler v. City of Burlington,* 18 Iowa, 364; *Fisher v. Beard,* 32 Iowa, 352; *Garstang v. City of Davenport,* 90 Iowa, 359; *Hull v. City of Cedar Rapids,* 111 Iowa, 466. This proposition disposes of the appeal, so far as the interveners are concerned.

Section 527 of the Code of 1873 provided, in substance, that no alley thereafter dedicated to public use should be deemed a public alley "unless the dedication shall have been accepted and confirmed by an ordinance especially passed for such purposes." As the plaintiff city is organized under a special charter, it is practically conceded that this statute has no application to it. But if it had, acceptance may be shown by other acts than the adoption of a formal ordinance. *City of Waterloo v. Union Mill Co.,* 72 Iowa, 439; *Byerly v. City of Anamosa,* 79 Iowa, 207; *Taraldson v. Town of Lime Springs,* 92 Iowa, 189; *Hanger v. City of Des Moines,* 109 Iowa, 480; *Burlington, C. R. & N. Ry. Co. v. City of Columbus Junction,* 104 Iowa, 112. Acceptance may be inferred from public use, as

well as from other acts indicative of an intent on the part of the city to treat the strip as an alley; and it need only be such as the public wants and necessities demand. The testimony shows that some work was done on the strip by plaintiff's street supervisor; that the public used it more or less as neccessity or convenience required; that it had the same use as other public alleys in the neighborhood; that the city platted the strip as a public alley, and that no taxes were assessed against it after the year 1887, save for the year 1895; and that this assessment was an oversight and mistake on the part of the assessor. These facts are sufficient to show an acceptance by the city. *Hull v. City of Cedar Rapids,* 111 Iowa, 466, and cases hitherto cited.

The decree is right and it is AFFIRMED.