Knox, Appellant, vs. Roehl and wife, Respondents.

*March 15—April 8, 1913.*

*Dedication: Streets: Land owned by city: Intent: Acceptance: Evidence: Relevancy: Sufficiency: Judgment: Effect: Appeal: Review: Findings of fact.*

1. Where the amount awarded to the owner in proceedings to condemn land for street purposes was paid and a conveyance taken by the city, a subsequent judgment declaring the con-

demnation proceedings void does not preclude a resort to such proceedings for the purpose of showing the intent of the city in acquiring the land so conveyed to it.

2. When a question of intent is to be determined, subsequent acts and declarations are relevant because they throw light upon the prior acts and declarations, especially where they have been consistently the same.

3. Although a city cannot directly buy land for a street, it may dedicate for street purposes land which it owns; and where a clear intent to dedicate appears only slight proof of acceptance is necessary, since it will be presumed that the city intends to accept in behalf of the public its own dedication.

4. A city began condemnation proceedings to widen a street, seeking to acquire a ten-foot strip lying east of the street and between it and defendants' land and also a strip from defendants' land. It paid to the owner of the ten-foot strip the amount awarded therefor and took a conveyance from him. Afterwards that strip was noted to be a part of the street on the official street atlas kept in the city engineer's office; and tax certificates on defendants' land described it as bounded on the west by said street. The condemnation proceedings having been held void, the city began a second proceeding to condemn the strip from defendants' land. In this proceeding the ten-foot strip was treated as a part of the street and defendants' land described as bounded on the west by the street. *Held*, that by these several acts the city unmistakably declared its intention to make the ten-foot strip a part of the street; and it is immaterial that the traveled track remained on the original street and that the ten-foot strip was more or less overgrown with weeds and grass.

5. The rule that a finding of fact by the trial court should not be set aside on appeal unless it is against the clear preponderance of the evidence, is of less force where the finding is the result of inferences drawn from undisputed facts and partakes of the nature of a conclusion of law.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed.*

Action to foreclose tax certificates on defendants' property issued for unpaid special assessments for sewer and water mains laid in Island avenue, a public street in Milwaukee. The property in question is 132 feet wide, east and west, and 629.34 feet north and south; is bounded on the north by Mil-

ler avenue, extended; on the south by Concordia avenue; on
the east by the Germania subdivision, and on the west by a
certain ten-foot strip, which the defendants claim is no part
of Island avenue, but which plaintiff maintains is a part
thereof; the contention between the parties being whether de-
fendants' property abuts on Island avenue or on this ten-foot
strip. In 1889 the property lying west of defendants' land
was platted, and Island avenue, thirty feet in width, was
dedicated as a street between Concordia and Miller avenues.
Lying immediately east of Island avenue as so dedicated was
left a strip of land ten feet in width, between Concordia and
Miller avenues, which remained the property of the owners
of the plat until on or about October 31, 1900, when they
conveyed it by warranty deed to one Walworth. In the same
year condemnation proceedings were begun by the city of Mil-
waukee to open, widen, and extend Island avenue between
Concordia and Miller avenues by adding to the thirty-foot
street as dedicated the ten-foot strip mentioned and the west-
ern twenty feet of defendants' land. On April 25, 1902, the
defendants herein commenced an action in the circuit court
for Milwaukee county to vacate said condemnation proceed-
ings and have the same declared null and void. By the judg-
ment of the trial court in said action the condemnation pro-
ceedings were held null and void and were vacated because of
the failure of the city to comply with sec. 3187a, Stats.
(1898), which requires the recording in the office of the reg-
ister of deeds of the final resolution or order. Upon appeal
to this court the judgment was affirmed in an opinion handed
down January 11, 1910. See *Roehl v. Milwaukee,* 141 Wis.
341, 124 N. W. 400. Upon the condemnation proceedings
$800 were awarded Walworth for the ten-foot strip, and on
the 17th of April, 1902, he conveyed the same to the city for
a consideration of $800 by a warranty deed containing no
limitations or reservations whatever. The strip was there-
after noted to be a part of the street by the city engineer in

the official atlas, and in each of the tax certificates herein defendants' land is described as bounded on the west by Island avenue. In 1911 the city again began condemnation proceedings to acquire the west twenty feet of defendants' land for the purpose of widening Island avenue, and in this proceeding the ten-foot strip is treated as a part of said avenue in the resolution passed by the common council and in the map accompanying the same, and the defendants' land is therein described as bounded on the west by Island avenue. The water main mentioned was laid, and all proceedings in regard thereto were taken, in the year 1906. The sewer referred to was constructed, and all proceedings in regard thereto were taken, in the years 1906–7. Both the sewer and the water main were laid in the thirty-foot strip. In some places this ten-foot strip is lower, and in some places higher, than the thirty-foot street dedicated in the plat, and has been covered with grass and weeds, and the traveled track has always been on the thirty-foot street.

The trial court found that Island avenue, at the time the water main and sewer were ordered laid and constructed, was only thirty feet wide as dedicated on the plat; that the ten-foot strip never became a part of the street; that it always intervened between defendants' property and Island avenue, and that said property at no time fronted or abutted upon said Island avenue; and held that the special assessments against defendants' property for water mains and sewer, in dispute in this case, were illegal, null, and void, and the certificates based thereon were illegal and should be delivered up and canceled. From a judgment entered accordingly the plaintiff appealed.

*John J. Maher,* for the appellant.

For the respondents there was a brief by *Roethke & Affeldt,* and oral argument by *George A. Affeldt.*

VINJE, J. It is conceded by the defendants that if the ten-foot strip in question was a part of the street at the time

the sewer and water-main assessments were made and levied, then the taxes for which their property was sold are valid, and plaintiff is entitled to maintain the action. But they claim the facts show the city never acquired the strip for street purposes, and that there has never been either a statutory or common-law dedication of the same for such purposes. They further contend that no reference can be had to the condemnation proceedings of 1900 for the purpose of ascertaining the intent of the city in acquiring the strip, since the judgment declaring such proceedings void invalidated them not only so far as it affected any action based thereon but for all purposes, so that no resort can be had to them for the purpose of gathering the intent of the city in commencing them. This claim strains the effectiveness of a judgment of this court to the breaking point. The proceedings may still be resorted to for the purpose of showing the intent of the city in acquiring the strip. That intent was unmistakably to make it a part of Island avenue. It is also claimed that no reference can be had to acts of the city relating to the strip since the assessments in question were made; that whether or not the strip was then a part of the street must be determined upon the facts as they then existed. This in a sense is true. Yet, when a question of intent is to be determined, subsequent acts and declarations are relevant because they throw light upon the prior acts and declarations, especially where they have consistently been the same.

It will be conceded that there has been no statutory dedication of the strip for street purposes, and that a city cannot directly buy land for a street. *Trester v. Sheboygan,* 87 Wis. 496, 58 N. W. 747. But a city may dedicate for street purposes land which it owns. The essential requisites of a valid common-law dedication are that there must be an intent to dedicate on the part of the owner and an acceptance of the dedication by the proper public authorities or by general public user. 1 Elliott, Roads & Streets (3d ed.) § 122; *Randall. v. Rovelstad,* 105 Wis. 410, 81 N. W. 819. Has the city dedi-

cated this ten-foot strip for street purposes? Since the city by a dedication of its own land must not only dedicate but also accept the dedication, the questions of intent and acceptance merge more or less into each other. If, therefore, a clear intent to dedicate can be gathered, only slight proof of acceptance need be shown, for it will be presumed that the city intends to accept in behalf of the public its own dedication.

As bearing upon the intent to dedicate the following facts are significant: In 1900 the city began condemnation proceedings for the purpose of widening the street and sought to acquire not only this ten-foot strip but also twenty feet more to the east thereof, thus showing an unmistakable intention to make Island avenue sixty feet in width. Subsequent to the beginning of the condemnation proceedings it paid Walworth, the owner of the strip, $800 for the same, and thereafter the strip was noted to be a part of the street on the official street atlas kept in the city engineer's office. Thereafter tax certificates on defendants' land described the same as bounded on the west by Island avenue. In 1911 the city again began condemnation proceedings to acquire the west twenty feet of the defendants' land for the purpose of widening Island avenue, and in this proceeding the strip in question was treated as a part of the avenue in the resolution of the common council and map accompanying the same. In this resolution the defendants' land is described as bounded on the west by Island avenue. It would seem from these proceedings that the city unmistakably by these several acts declared its intention to make this ten-foot strip a part of the street. The fact that the traveled track thereof still remained on the original thirty-foot street and that the ten-foot strip was more or less overgrown with weeds and grass is quite immaterial. It is the intention to dedicate that governs, and it has been held that the recognition of a street on an official map alone is sufficient evidence of acceptance. *Steele v.*

*Sullivan,* 70 Ala. 589; *Schade v. Albany,* 16 N. Y. Supp. 262; 1 Elliott, Roads & Streets (3d ed.) § 169.

It seems clear, therefore, that the court erred in finding that the ten-foot strip was not a part of Island avenue at the time the assessments in question were made. We have come to this conclusion not unmindful of the rule that a finding of the trial court should not be set aside unless it is against the clear preponderance of the evidence. In this case, however, the finding is more in the nature of a conclusion of law than of fact. It is the result of inferences drawn from practically undisputed facts.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.