IOWA LOAN & TRUST COMPANY, Appellee, v. BOARD OF SUPERVISORS OF POLK COUNTY et al., Appellants.

**HIGHWAYS:** Establishment—Requisites. It is not essential that
1 a highway be established in writing or by some formal act, but it may be made by any act or declaration of the owner manifesting an intention to devote the property to such public use, and can exist either by prescription, dedication, or estoppel.

**HIGHWAYS:** Establishment—Exemption from Taxation. A dedi-
2 cation by plat does not convey the fee title of the streets to the buyers of lots, but it does convey to them and to the general public an easement, by way of the right to use the platted streets as such, and is a sufficient alienation to invoke exemp-tion from taxation of such streets.

**HIGHWAYS:** Establishment—Unincorporated Town. The filing of
3 a recorded plat, showing lots and streets in an unincorporated town, works as a common-law dedication of such streets.

**HIGHWAYS:** Establishment—Acceptance. An acceptance of the
4 dedication of streets, so as to exempt the same from taxation, need not be by the municipality or by the public authority, as it can be by the general public; and such acceptance may be had by user on the part of the public, without objection.

*Appeal from Polk District Court.*—W. H. McHenry, Judge.

OCTOBER 2, 1919.

THE trial court canceled an assessment in aid of the defendant. drainage district, and which had been assessed against the appellee, and it enjoined defendants from thereafter making any assessment against plaintiff. Defendants appeal.—*Affirmed.*

*Don B. Shaw,* for appellants.

*Nathan E. Coffin,* for appellee.

SALINGER, J.—I.  The essence of the claim of appellee is that the tax is void because, by platting and selling lots, the land sought to be taxed is a public highway.

If we apprehend it correctly, appellant contends that a highway may not be established by dedication, and that, without some formal act on part of the taxing power or tax-collecting authorities (not performed here),

1. HIGHWAYS: establishment: requisites.

sequestrating lands for use as a public highway, there can be no exemption from taxation on the ground of the existence of a public highway. We deem it well settled that this position is untenable. We said, in *City of Valley Junction v. McCurnin,* 180 Iowa 510: "The law with reference to the common-law dedication of a highway or street is fully settled." And see *Duncombe v. Powers,* 75 Iowa 185. There can be a highway either by prescription, dedication, or by estoppel. *Baldwin v. Herbst,* 54 Iowa 168, 170; *Joseph v. Sharp,* 172 Iowa 254; *Casey v. Tama County,* 75 Iowa 655, 661; 13 Cyc. 437. To the same effect is the recent case of *Long v. Wilson,* 186 Iowa 834, and *Steele v. Sullivan,* 70 Ala. 589. That there are statutes providing for formal establishment does not affect the power to create a highway by dedication and acceptance, or order of court. *Mosier v. Vincent,* 34 Iowa 478, 479; *Casey v. Tama County,* 75 Iowa 655, 661;

13 Cyc. 441. The dedication need not be in writing nor formal. *City of New Orleans v. Carrollton Land Co.*, 131 La. 1092 (60 So. 695) ; *Knox v. Roehl,* 153 Wis. 239 (140 N. W. 1121). It may be worked by an intention to dedicate, followed by general public use without objection. *Idem.* We said, in *Joseph v. Sharp,* 172 Iowa 254, that, while use alone will not cause a traveled way to ripen into a highway, use plus a claim of right, with notice, acquiesced in for ten years, will have that effect. To the same effect is *McAllister v. Pickup,* 84 Iowa 65, at 70. All that we can find in *Haan v. Neester,* 132 Iowa 709, cited by appellant, is that, while use alone is not sufficient to establish a highway, evidence that the same has been used by the public for a period of years, during which time the plaintiff and his grantors have made no objections to its improvement for travel, will support a finding of its existence by prescription and dedication. The point is as well disposed of in *Steele v. Sullivan,* 70 Ala. 589, as it is anywhere, and it is there held that a dedication of land to public use as a highway is not required to be in writing, but may be made by any act or declaration of the owner manifesting an intention to devote the property to such public use.

II. This settles that there can be a public street without formal establishment. The next question is whether the court erred in holding that such streets were the subject of the attempted taxation.

2. HIGHWAYS: establishment: exemption from taxation. Less than these appellees did may amount to a deduction. A mere duty to file a plat for record constitutes, between the original owner and the buyer of any part or parcel of the platted subdivision, a covenant of warranty as to some matters. Section 914, Code of 1897. It may be effected as a common-law dedication by a plat which is neither signed, acknowledged, or recorded. 13 Cyc. 441. In many instances, a dedication has been held established on much less

of a showing than we find in this record. See 13 Cyc. 473; *Knox v. Roehl*, 153 Wis. 239 (140 N. W. 1121); *Warden v. Blakley*, 32 Wis. 690; 14 Cyc. 1176 to 1178. Mere acquiescence in long-continued use of land as a highway has been held to operate as a dedication of the land to the public use. 13 Cyc. 455, 482. In *Hull v. City of Cedar Rapids*, 111 Iowa 466, a dedication was held established on evidence certainly no stronger than we find here. In *Hanson v. Proffer*, 23 Ida. 705 (132 Pac. 573), it is held that the dedication was complete and irrevocable when the plat was filed in the proper office, and lots sold with reference to it. We have held that, where the legislature lays off land upon which a city is situated into lots, with streets indicated, that the sale of such lots irrevocably dedicates the use of such streets. *City of Dubuque v. Maloney*, 9 Iowa 450. Where the owner lays out a town, and sells lots with reference to the plat thereof, the buyers obtain every privilege represented by such plat as belonging to the lot sold. *City of Dubuque v. Maloney*, 9 Iowa 450, 451. Where there is a plat on which the owner lays off lots, blocks, and streets, and adopts such plat by reference in selling, this amounts to an irrevocable dedication of the streets. *City of Corsicana v. Anderson*, 33 Tex. Civ. App. 596 (78 S. W. 261); *City of New Orleans v. Carrollton Land Co.*, 131 La. 1092 (60 So. 695); 13 Cyc. 455 to 458.

True, the dedication by plat does not convey the fee title to the streets to the buyers of lots. But it does convey to them and the general public an easement—the right to use the platted streets as streets. That is a sufficient alienation to invoke exemption from taxation. There is such exemption as to confessed highways, and yet such highways do not convey fee title to adjacent lot owners, and not more than the right to use as highways. See *Dickinson County v. Fouse*, 112 Iowa 21, at 23.

## 2-a

It is suggested by appellant that statutes providing for platting and the effect thereof have application to a city or incorporated town only, and therefore have no application to the plat in consideration. There is a statement in *Town of Kenwood v. Leonard,* 177 Iowa 337, at 341, 342, that statute provisions to the effect that the recording of plats is equivalent to a deed in fee simple of such portion of the premises as is set apart for streets relates to streets in cities and towns, and not to those in unincorporated villages. While there is an abstract discussion of the difference between incorporated and unincorporated towns in *Hanson v. City of Cresco,* 132 Iowa 533, it is scarcely relevant to anything involved here. And the case holds that, while the word "municipality" is ordinarily used in its technical sense, it should not be so dealt with in that case, and has not been so dealt with in others. It affords no support to appellant. All we can find in *Soper v. Henry County,* 26 Iowa 264, is that the duty of repairing roads is not by the statute imposed on the county as a corporation, but on the respective road districts; and that the county is not liable for the default of the road district or its officers, and that incorporated towns and cities are held to a much more extended liability than counties or school road districts, even where the latter are declared to be invested with corporate capacity. Now, while the *Leonard* case does make a distinction between incorporated and unincorporated towns, that distinction is that while, as to incorporated towns, the platting gives the fee simple title in the streets to the municipality, the filing of the plat, where the lands are in an unincorporated town, has merely the effect of giving "the public at large the privilege of passing over and using the land so set apart as a public highway for public travel. The public acquired a right to an easement in

3. HIGHWAYS: establishment: unincorporated town.

the land so set apart, for the purpose for which it was set apart." The case quotes from *Burroughs v. City of Cherokee,* 134 Iowa 429, as follows:

"The recording of the plat is a tender of the conveyance of portions set apart as streets and alleys for such use, to a municipality, and continues until shown to have been withdrawn."

The *Leonard* case continues:

"To an incorporated city or town, the tender is in fee. * * * To an unincorporated village, it is the tender of an easement in the lands set apart. * * * A plat amounts simply to a dedication—a solemn, written act of dedication. It is the solemn, written evidence of an intent to dedicate."

We conclude that, notwithstanding that this plat did not deal with an incorporated town, it worked a common-law dedication.

III. To work an exemption from taxation, acceptance of the dedication is essential, and we now turn to the question whether the evidence sustains the finding below that there was sufficient acceptance.

4. Highways: establishment: acceptance. The appellant contends that acceptance must be made by the proper authorities, and that user alone, even if continued for the period of the statute of limitations, is not sufficient. The acceptance need not necessarily be by the municipality or by public authority. It may be by the general public. The dedication grants an easement, one for every individual in a community to pass and repass over the same—another way of saying that acceptance can be worked by the general public. *City of Dubuque v. Maloney,* 9 Iowa 451. As said in *Dickinson County v. Fouse,* 112 Iowa 21, at 23, the only effect of establishment is that the public at large obtains the privilege of passing and repassing. Very slight evidence is required to establish acceptance by the public of

lands dedicated for an alley. *Incorporated Town v. Cook,* 97 Iowa 599. Acceptance may be inferred from public use, and that use need be only such as the public wants and necessities demand. *City of Keokuk v. Cosgrove,* 116 Iowa 189, at 194.

The acceptance may be so worked by the public, entering upon the land and enjoying the privileges offered,— briefly, by user. And when the user is relied on to raise a presumption of dedication, the duration of the use is wholly immaterial. 13 Cyc. 465, 466. And such acceptance may be manifested, among other methods, by long and uninterrupted use on part of the public without objection. *Steele v. Sullivan,* 70 Ala. 589. It may be shown by acquiescence in the use of the land as a public street for 14 years, with acts indicating acquiescence on part of the owner. *Hull v. City of Cedar Rapids,* 111 Iowa 466.

A formal acceptance on part of the public of property dedicated to the public use is neither necessary nor practicable. *City of New Orleans v. Carrollton Land Co.,* 131 La. 1092 (60 So. 695). And acceptance by the public is presumed, where it is shown that the claimed highway is of common convenience and necessity, and, therefore, beneficial to the public. It is stipulated that the claimed street is the sole means of access to many of the lots, and the principal evidence of its beneficial character will be the actual use as a highway, without objection by those who have occasion to use it. *Guthrie v. Town of New Haven,* 31 Conn. 308.

We find that the use of the dedication with and cooperation of the dedicator sustains the finding that there was acceptance.

### 3-a

There is a vigorous controversy over whether action on part of the county auditor works an acceptance. There is no occasion to decide it. One line of evidence establishing that there was an acceptance is as good as a hundred.

And, as we hold that evidence aside from the acts of the auditor sustains the holding that there was sufficient acceptance, it is immaterial whether other evidence sustains or fails to sustain the claim of acceptance.

### 3-b

The cases of *City of Corsicana v. Anderson,* 33 Tex. Civ. App. 596 (78 S. W. 261), *Delaware, L. & W. R. Co. v. City of Syracuse,* 157 Fed. 700, *Incorporated Town v. Cook,* 97 Iowa 599, *City of Keokuk v. Cosgrove,* 116 Iowa 189, *Uptagraff v. Smith,* 106 Iowa 385, at 388, *Smith v. City of Navasota,* 72 Tex. 422 (10 S. W. 414, 416), and *City of New Orleans v. Carrollton Land Co.,* 131 La. 1092 (60 So. 695), are of no benefit to the appellee, or, for that matter, to either party. They are either cases wherein it is held, because overwhelmingly shown, that there was no acceptance, or cases wherein acceptance is shown by acts of the municipality which are not found in this record. And so of 13 Cyc. 469. We see nothing relevant in *Weikamp v. Jungers,* 150 Iowa 292.

IV. The question of whether the defendants are under duty to maintain these alleged streets is foreign to the issues, and we will not decide it. See 13 Cyc. 467.

V. It is suggested by the appellees that, if we should not reverse, and so hold that no streets have been created by dedication, we would so hold in a cause wherein the buyers of the lots are not parties, and so might determine the rights of those who are not within the jurisdiction of the court. In view of the conclusions reached, that point needs no consideration.

VI. In view of the conclusions reached, we will not pass upon the question whether the tax in question is equitably apportioned according to benefits received.

We are of opinion that there was no authority to

assess the property in question, and, therefore, the decree below is—*Affirmed*.

LADD, C. J., EVANS and PRESTON, JJ., concur.