K. R. D. WOLFE, Plaintiff, Appellee, v. C. H. KEMLER et al., Defendants, Appellees; R. W. KEMLER, Cross-petitioner, Appellant.

No. 45238.

734

Boardman & Cartwright, for appellee.

John L. Mowry, for Marshall County, defendant, appellee.

E. N. Farber and R. A. Rockhill, for R. W. Kemler, cross-petitioner, appellant.

MITCHELL, J.—This is an action to cancel the tax deed issued by Marshall county, Iowa, to the cross-petitioner, R. W. Kemler, and to permanently enjoin the levying of any tax or assessment against a certain tract of ground claimed to have been dedicated as a public street and to enjoin the said R. W. Kemler from interfering with the use of said tract as a public street. The defense was that the claimed street had never been dedicated or accepted by the city of Marshalltown as a public street and was subject to assessment for taxes. The lower court held that the tax deed to R. W. Kemler was void, and enjoined him from interfering with the use of the tract of land, known as North 7th street, as a public street, and also enjoining Marshall county from levying any tax or assessment on the property described in plaintiff's petition. R. W. Kemler has appealed.

Talbot Lennox acquired by deed from one George Hotchkiss a certain tract of real estate. He sold prior to 1924 small parcels of same. On December 9, 1924, a plat described in the record as Exhibit M was filed in the office of the county auditor of Marshall county and on the same day it was filed for record in the office of the county recorder of Marshall county.

On account of the importance of Exhibit M, we insert copy of same:

N 7th Street

N. 6th Street

Jerome St. 70' wide.

Highland Drive

E Line Sec. 27

Plat of Sub-Division of

Lot 7 East 16.5 Lot 5 and East 16.5 South 76.84 Lot 2 NE¼ SE¼ Sec 27, T.84N, R.18W, 5th P.M.
Marshalltown, Iowa

December 1924

N.

Subsequent to the filing of the plat Talbot Lennox, the owner of the real estate described in the plat, made several conveyances of lots described in accordance with the descriptions contained on the plat.

Certain contracts for sale of parcels of the real estate bound Lennox to maintain a public street.

Apparently, although it is not clear in the record, all of the lots described in Exhibit M were sold for taxes, including the tract of land known as North 7th street. K. R. D. Wolfe, the appellee, purchased and is the owner of all of the lots abutting North 7th street with the exception of the lots abutting on Jerome street.

The tract of ground identified on the plat, Exhibit M, as North 7th street was on the 13th day of September, 1928, conveyed by Talbot Lennox and his wife to C. H. Kemler.

On the 15th day of August, 1935, a tax sale certificate was issued to Marshall county, Iowa, to certain property described as follows:

"Beginning at the Southeast (SE) corner of Lot twenty-eight (28) of One (1) of One (1) of One (1); thence east seventy-four (74) feet, thence north three hundred ninety-seven and seventy-two hundredths (397.72) feet, west seventy-four (74) feet, south to point of beginning, Northeast (NE), Southeast (SE), Section twenty-seven (27) Township eighty-four (84), Range eighteen (18) Marshall County, Iowa."

On the 17th day of July, 1936, the tax sale certificate, Exhibit Q, was assigned to R. W. Kemler, for and in consideration of the sum of $36.99. R. W. Kemler is the son of C. H. Kemler, who acquired title to North 7th street by conveyance from Talbot Lennox and wife.

Appellant argues, we quote from his brief:

"The recording of an auditor's plat, not shown to have been prepared, filed and recorded as required by statute, does not establish a public street designated thereon, where such plat

was never submitted to the city council and accepted by that body, and a purported public street is not created and established by an auditor's platting where the purported street has never been accepted by resolution or ordinance adopted by the city council. Such dedication and acceptance can not be implied where there is no proof of user by the public.''

In support of such contention appellant relies upon section 5939 of the Code of Iowa. The Iowa case of Burlington, Cedar Rapids and Northern Railway Company v. City of Columbus Junction, 104 Iowa 110, 113, 73 N. W. 501, 502, sets forth the intention of the legislature in enacting the aforesaid statutory section. In that case this court said:

'' * * * the section referred to was 'clearly intended to protect cities from liability and responsibility thrown upon them by landowners in dedicating streets to public use without giving the city an opportunity to determine whether such streets are demanded by the public good, and the wants of citizens. In the absence of the statute the city would be powerless to resist the designs of landowners to make it liable for all streets they might dedicate, without regard to the public good, or the wants of the people.' ''

It is the claim of the appellee that the principle of common law dedication applies in this case.

Several years prior to the filing of the plat in the office of the county auditor, the then owner made conveyance and contracts with particular reference to the plat, Exhibit M. After the plat was filed there were numerous transfers of lots covering part of the real estate. The description being made in accordance with the lot numbers on Exhibit M. The deed executed by Talbot Lennox to C. H. Kemler covering the real estate in dispute (North 7th street) described it as ''being the tract of land designated as North 7th street'' on Exhibit M. So there is no question but during the years the real estate in the tract covered by Exhibit M, when sold or conveyed was described in accordance with that plat.

In Iowa Loan & Trust Co. v. Board of Supervisors, 187 Iowa 160, 163, 174 N. W. 97, 98, 5 A. L. R. 1532, this court said:

"Where there is a plat on which the owner lays off lots, blocks, and streets, and adopts such plat by reference in selling, this amounts to an irrevocable dedication of the streets."

In the case of Shea v. City of Ottumwa, 67 Iowa 39, 41, 24 N. W. 582, this court said:

"We think that the existence of the plat and the sales of lots bounded according to the description of the plat by the person platting the land which is shown by the record, would establish the animus dedicandi; which when shown, is sufficient to establish a way or street even if there be no record thereof made in the form prescribed by law."

The acceptance of a dedication need not be by the municipality, but may be by the general public. In the case of Iowa Loan & Trust Company v. Board of Supervisors, 187 Iowa 160, 165, 174 N. W. 97, 98, 5 A. L. R. 1532, this court said:

"The acceptance need not necessarily be by the municipality or by public authority. It may be by the general public. The dedication grants an easement, one for every individual in a community to pass and repass over the same—another way of saying that acceptance can be worked by the general public. * * * Very slight evidence is required to establish acceptance by the public of lands dedicated for an alley. * * * Acceptance may be inferred from public use, and that use need be only such as the public wants and necessities demand. * * * A formal acceptance on part of the public of property dedicated to the public use is neither necessary nor practicable. * * * And acceptance by the public is presumed, where it is shown that the claimed highway is of common convenience and necessity, and, therefore, beneficial to the public. It is stipulated that the claimed street is the sole means of access to many of the lots, and the principal evidence of its beneficial character

will be the actual use as a highway, without objection by those who have occasion to use it."

This record shows that the claimed street is of common convenience and necessity; that there is no other way of ingress or egress; that improvements are planned; and that the lots are being cleaned up and a storm sewer run through them. Exhibit M shows that there is no other way to get to the lots except by North 7th street. That it was planned to be used as a street is shown by the fact that it runs the entire length of the laid out lots; that the lots are a desirable place for homes; and that there is a demand for them.

The only means, under the evidence, of reaching the lots in question is via 7th street, over the ground in dispute.

In the case of Taraldson v. Town of Lime Springs, 92 Iowa 187, 189, 60 N. W. 658, 659, this court stated:

"The necessity for its use [the street] then was slight, and, hence the evidence of acceptance slight, but it was sufficient. There should be reasonable presumption in favor of the preservation of such public interests, and the acts to constitute an acceptance on the part of the public need be such only as the 'public wants demanded.'"

In the case of Shea v. City of Ottumwa, 67 Iowa 39, 24 N. W. 582, this court said, no work was done to improve the street; but the public wants, it appears, did not demand it. The dedication contemplated that the streets should be used and improved as required by the public wants.

Corpus Juris, Volume 18, page 120, paragraph 149, sets forth the general rule as follows:

"The view taken by many decisions is that the purchase of lots is in effect an acceptance by the public, and that the purchase of a single lot is sufficient to perfect the dedication."

In the case of Meier v. Portland Cable Company, 16 Or. 500, 507, 19 P. 610, 614, 1 L. R. A. 856, the court said:

"Nor does the proprietor or the purchasers anticipate that all the streets shown upon the plat will be immediately opened and used. It is generally known and understood that a large portion of them will not be required for use for many years after the town is laid out; that their necessity will depend upon its future development and growth, and that they will remain in abeyance until the public exigency demands that they be opened and improved. * * * Many of the courts, in discussing this subject, have made too great an effort to discriminate between such purchasers and the general public. The former are not a distinct class from the latter. They belong to it; are as much a part of the public as those who use the streets for the purpose of travel. If a dozen different persons were to buy lots under the circumstances before alluded to, and impliedly stipulate with the town proprietor that the streets shown upon the plats of the town site should perpetually remain open to public use, they would, so far as I can see, represent the public in the affair as much as a like number of wayfarers would who travel upon such streets, and have equal authority to accept a dedication of them for the public. The acceptance is not supposed to be made by the entire public, it is done by a comparatively few persons, who represent it; and a direct agreement made by those who are personally interested in the matter, that the streets shall remain open to public use, ought to constitute as much an acceptance of them by the public, as the using of them by other members of the community would."

Under the record, the evidence clearly discloses an acceptance by the general public.

It is next contended by the appellant "that since R. W. Kemler, acquired title to the real estate in question by virtue of a tax deed, that the appellee is in no position to question that title."

The case of Iowa Loan & Trust Company v. Board of Supervisors, 187 Iowa 160, 161, 174 N. W. 97, 5 A. L. R. 1532, is a full and complete answer to all of the theories advanced by the appellant. It appeared in that case that a tax deed was

issued, and that the appellee claimed that the deed was void because, by platting and selling lots, the land sought to be taxed was a public highway.

The appellant claimed "that a highway may not be established by dedication and without some formal action on the part of the taxing power or tax collecting authorities sequestering lands for use as a public highway. There can be no exemption from taxation on the ground of the existence of a public highway." This court said:

"We deem it well settled that this position is untenable."

The writer of the opinion concludes it by stating:

"We are of the opinion that there was no authority to assess the property in question, and, therefore, the decree below is affirmed."

In the case at bar the strip of ground in question was a public street and was therefore not taxable, and the appellant secured no title by the tax deed.

Some other questions are argued, all of which have been carefully considered.

The lower court was right and it necessarily follows its decree must be and it is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.