E. D. VORHES, Appellant, v. THE INCORPORATED TOWN OF ACKLEY, Appellee.

**Streets:** OCCUPANCY BY LOT OWNER: ESTOPPEL. A town is not es-
1    topped to assert its title to a street in its full width as against
     an abutting lot owner who purchased with full knowledge that
     his grantor had planted trees and extended his sidewalk into
     the street.

**Dedication of street:** PRESUMPTION. A town will be presumed to
2    have accepted in its entirety the land dedicated for use as a
     street, in the absence of a contrary showing.

**Adverse possession.** Ordinarily, title by adverse possession cannot
3    be acquired against a public corporation; but conceding that it
     might, in the instant case the evidence is insufficient to support
     the claim.

*Appeal from Hardin District Court.*— HON. J. R. WHIT-
AKER, Judge.

WEDNESDAY, JUNE 14, 1905.

SUIT in equity to enjoin the defendant from removing a sidewalk constructed along the east line of plaintiff's premises. The trial court found that the sidewalk was in one of the streets of the defendant town, and denied the relief asked by plaintiff. Plaintiff appeals.— *Affirmed.*

*J. H. Scales* and *J. S. Roberts,* for appellant.

*E. P. Andrews* and *Daniel Eiler,* for appellee.

DEEMER, J.— Plaintiff's lots in the town of Ackley front on State street. To the rear of these lots is an alley twenty feet in width. As platted State street was ninety feet in width from curb line to curb line. The abutting owners temporarily improved their properties, so that in some places, and particu-

1. STREETS: occupancy by lot owner; estoppel.

larly in front of plaintiff's lots, the street was not more than seventy-six feet in width.   Plaintiff purchased his property from one Jones, who had made practically all the improvements now found thereon.   Jones was a witness in this case, and he testified that when he made the improvements upon the lots he knew the exact size thereof, and that he improved with reference to the true street line, knowing that his property as then inclosed was out into the street.   When he sold to plaintiff he informed him (plaintiff) as to the exact size of the lots, and told him that the sidewalk in question was too far out into the street.   Jones did not build with reference to the street line now claimed by plaintiff, but with reference to what he supposed was the true line, which was very near where defendant now claims it to be.   Plaintiff did not buy relying upon the line which he now claims, but with full knowledge that the property was out some distance into the street.   There is no doubt that the true line, as shown by the original plat, is where the defendant now claims it to be; and defendant has the undoubted right to require plaintiff to move his sidewalk and fence back to the true line, unless it be for some matters to which we shall now refer.

Plaintiff insists, first, that the line as claimed by him has been recognized by the town, and acquiesced in for more than thirty years, and that it is now estopped from insisting upon another and different one, although that one may be the true one as shown by the survey.   It is true that trees were planted out into the street by various owners of property abutting thereon, and that temporary sidewalks and fences were constructed outside of these walks; but it also appears that these walks were known by all parties to be in what was supposed to be a parking out into the street, and that the temporary fences were constructed to protect the trees from stock which was running at large, and not for the purposes of marking the lot lines.   The sidewalks were all temporary in character, and, as we have seen, the

improvements on plaintiff's lots were not made with reference to the line now claimed by him. There was no such recognition of the line for which the plaintiff contends, and no such acquiescence by the city therein, as to estop it from claiming to the true line.

It is suggested that, while the dedicator laid out the street to the width of ninety feet, the defendant did not accept it for that width, but only to the extent that it was used and occupied by the adjoining owners.

**2. DEDICATION OF STREET: presumption.** The presumption is that it accepted the dedication as made, and it was not required to improve the street to its full width until it was practical to do so, or until there was some demand therefor. Practically all the owners, and more especially plaintiff's grantors, well knew that they were encroaching upon the street, and there is nothing to negative the presumption that the town accepted the dedication as made. The trees were planted on a line about ten feet into the street, according to a general and well-understood custom of the abutting lot owners. The sidewalks were, of course, laid in the street, and presumptively with reference to the supposed lot lines; but they were temporary ones, and the parties who constructed them generally knew that they were ten feet or more away from the lot line. Practically every lot owner save the plaintiff has moved his sidewalk back to the true line; and, if plaintiff is granted the relief asked, his property will jut out into the street nearly ten feet, making a break in the sidewalk inconvenient and unsightly, and dangerous to pedestrians. With the sidewalk back to the true line, plaintiff will still have lots 103 feet in depth. The claim of acceptance to but a part of the street is not sustained by the evidence, and there has been no such recognition of the line contended for by plaintiff as to estop the defendant from insisting that he place his sidewalk back to the true line. *City v. Union Mills Co.,* 72 Iowa, 437; *Shea v. Ottumwa,* 67 Iowa, 39; *Taraldson v. Town,* 92 Iowa, 190.

Plaintiff also relies upon adverse possession and title by

prescription.   Ordinarily, the rule of adverse possession does not apply to a public corporation, in the exercise of its governmental functions.   *Markham v. City,* 122 Iowa, 689.   Even if it did, there is no proof in the instant case to sustain it.   Plaintiff and his grantors each and all knew that the line now insisted upon by the plaintiff was not the true one, and none of them, unless it be the plaintiff, ever contended that this was the true line.   They knew that the property was out into the street, and did nothing to indicate that they were claiming the property as of right.   Plaintiff acquired his title in the year 1902, and was then informed by Jones that he was out into the street with his sidewalk.

*3. ADVERSE POSSESSION.*

While estoppel is relied upon, the facts are not sufficient to sustain the claim.   Neither plaintiff nor his grantors made any improvements with reference to the line now claimed by plaintiff.   On the contrary, these improvements were constructed with reference to the true line.   The case in this respect is ruled by the cases already cited.   See also, *Rae v. Miller,* 99 Iowa, 653; *Solberg v. City,* 41 Iowa, 504; *Corey v. Ft. Dodge,* 118 Iowa, 742.   The authorities relied upon by appellant are not in point.

The decree dismissing plaintiff's petition is correct, and it is *affirmed.*