AUGUST BACKMAN, Appellant, v. CITY OF OSKALOOSA, ET
AL.

**Streets:** DEDICATION: IMPROVEMENT: INJUNCTION. One who takes
possession of a dedicated street in connection with an adjoin-
ing lot under a deed describing and conveying simply the lot,
cannot enjoin the city from opening and improving the street,
although the plat and dedication was not accepted by the city
until after possession was so taken by plaintiff, especially
where plaintiff did not rely on want of acceptance and it was
in fact accepted before the trial.

**Same.** The fact that only one-half of a street is within the city
limits is no objection to the improvement of the same by the
city, where the township joins in the work; and if it were a
mere trespasser upon the street could not take advantage of
the fact.

*Appeal from Mahaska District Court.*— HON. W. G.
CLEMENTS, Judge.

WEDNESDAY, JULY 12, 1905.

Rehearing denied May 24, 1906.

ACTION to restrain defendants from opening and im-
proving a platted street. The petition was dismissed, and
plaintiff appeals.—*Affirmed.*

*Carver & Wooster* and *D. C. Waggoner,* for appellant.

*Burrell & Devitt* and *C. C. Orvis,* for appellees.

LADD, J.— Certain land was platted into lots and streets
by the Western Union Fuel Company in August, 1893.
Space for a street was left east and south of
lot 1 (between it and lot 14), and forty feet
wide between lots 13 and 14, being along the west side of the

last-mentioned lot.   For more than twenty years travel had been along what was the line in the plat between lots 14 and 15 down to the right of way of the Iowa Central Railroad Company, along which it extended in a southwesterly direction to the street south of the lots.   The plaintiff purchased lot 14 in July, 1901, and immediately erected a fence around it, excluding the traveled road, but including one-half of the space on the north and all of that between lots 13 and 14 dedicated by the plat for a street.   In April, 1902, the plaintiff and others petitioned the board of supervisors of the county to establish a highway where the traveled road was, and the petition was granted.   In the certificate attached to the plat of his survey the county surveyor remarked that " a road formerly on the west line of lot 14 is moved to the west line of lot 15," but this statement finds no support in the record.   There was some talk of vacating this, but it was never done.   The plaintiff testified that the secretary of the fuel company pointed out the land staked as he had fenced as that sold to him, and that the space platted for the street was included, but the deed executed described the lot only, and did not purport to convey the space left for a street.   See *Brown v. Taber,* 103 Iowa, 1.   Moreover, the secretary denies having negotiated a sale of anything other than the lot.   Lot 13 has been sold since on the representations of the plat showing a street between the lots.   In these circumstances the finding that the company had not undertaken to dispose of the platted street, even if this could have been done without first vacating, is sustained by the evidence, and, as it has not been vacated in any way, title thereto was at no time in the plaintiff.   During the same month plaintiff relinquished any interest he had in the traveled road to the Chicago, Burlington & Quincy Railroad Company, and conveyed to it a narrow strip along the west line of said road.   The boundaries of the city of Oskaloosa were also extended in that month so as to take in a portion of the plat at least,

and in the latter part of August or fore part of September the defendant Burrell, under an arrangement with the city and the trustees of the adjacent township, employed one Sprague to open up and improve the street between lots 13 and 14. This he undertook, whereupon this suit was begun, and defendants temporarily restrained.

As seen, the plaintiff was without title, but had taken possession, and as against a stranger was entitled to retain it. The acknowledgment and recording of the plat were equivalent to a deed of the street in fee simple for the public use. Section 561, Code 1873. But the dedication was not accepted until September 13, 1903, some time after the attempted improvement. Although ten years subsequent to the filing of the plat, this was in time. *Shea v. City of Ottumwa,* 67 Iowa, 39. And doing so by resolution was in conformity with the statute then in force. Section 751, Code. But the absence of acceptance was not made a ground of relief; and long before the trial, which occurred in November, the dedication had been accepted, and the city fully empowered to open and improve the street.

It is said that but one-half of the road is within the city limits. Conceding this, even though not shown by the record, the city had the right to accept and improve the one

2. Same.      half and the authorities of the adjacent township the other. Having done so, the courts will not inquire into the wisdom of their action. Even if they might, a mere trespasser on the land appropriated is not in a situation to complain. The court rightly dissolved the writ and dismissed the petition.—*Affirmed.*