JAMES McCLENEHAN and others, Trustees of the Estate of DAVID STEVENSON, Deceased, Appellant, v. THE TOWN OF JESUP, IOWA, Appellee.

**Town plats:** DEDICATION: ADVERSE POSSESSION. When the public right in streets and alleys has once attached by sufficient acceptance of the dedication of a town plat, this right will not be divested by a strict application of the rules of adverse possession or laches, which obtain between private owners or claimants.

**Same:** ACCEPTANCE: ESTOPPEL: ACQUIESCENCE. Acceptance of the dedication of a town plat is evidenced by the building of a town thereon, and the use of its streets and alleys by the public to the extent of its requirements; and while the public may be estopped by notorious and long continued abandonment, or acts inconsistent with the assertion of a right in a given street or alley, yet there must be something more than a mere failure to open and improve the same as a public way prior to the public demand therefor, to constitute an estoppel; so that mere acquiescence by the

public in the possession of a lot owner who extended his fence to include a portion of a dedicated street, not at the time required for public convenience, is not such as to estop the public from opening and improving the same when needed.

**Same.** The mayor of a town, as such, has no control over its streets; and his statement that the town had been beaten in a similar suit to open a street and that he did not care to undertake another, was insufficient to establish acquiescence by the town in the claim of a property owner to the street, who had inclosed it by a fence with his abutting lots.

**Same:** SUBSEQUENT CONVEYANCE BY DEDICATOR.   By platting, dedication and acceptance, all interest of the original owner in the streets passes to the municipality, so that an abutting lot owner can acquire no interest in the adjoining street through a grant from him.

*Appeal from Buchanan District Court.*—HON. FRANKLIN C. PLATT, Judge.

TUESDAY, MARCH 9, 1909.

REHEARING DENIED THURSDAY, OCTOBER 28, 1909.

ACTION in equity to quiet title to land.   Decree dismissing bill, and plaintiffs appeal.—*Affirmed.*

*Cook & Cook,* for appellants.

*E. E. Hasner* and *R. L. Bordner,* for appellee.

WEAVER, J.—In the year 1860 the owner of the southeast quarter of section 30, township 89, range 10 west, in Buchanan county, Iowa, caused the same to be laid out and platted into lots, blocks, streets, and alleys; such plat being designated and known as the "Town of Jesup." The plat appears to have been duly made, acknowledged, and recorded as required by the statute then in force. A few years later David Stevenson

became the owner of twenty-eight lots constituting a part of said plat; said lots with intersecting streets and alleys lying in a body and making a tract about ten acres substantially as indicated by the numbered subdivisions of the following map:

EXHIBIT "C."

The town of Jesup became a station upon the Iowa division of the Illinois Central Railway and has since been incorporated under the laws of the State. The lots above described lie immediately south of the railway station grounds. Like most of the town plats of that period, this proved to be larger than was necessary for the immediate needs of the population, with the result that many of its lots and blocks long remained unimproved, and there was little, if any, demand for opening or improvement of many of its streets and alleys. At first it was a matter of uncertainty just what location would prove to be the business center of the community,

and there was the usual rivalry between different neighborhoods to secure it. For a time there was a hotel and cluster of buildings known in the local parlance as "Taylorsville" at or near the corner of Douglas and Sixth streets, but business seemed to have drifted in another direction. The territory covered by plaintiff's lots is in part at least low and wet, and as was natural, where much of the plat lay open to the common, there was little or no use made of the streets and alleys. At some time between 1865 and 1870 Daniel Stevenson, brother of David, was living on lot 252, and he inclosed the tract of ten acres including therein all of the lots in question, together with the intersecting streets and alleys in a single field, which he used for agricultural purposes. David Stevenson was a nonresident, but left his property in possession of his brother pursuant to some agreement or understanding the precise nature of which is not material to the case before us. The fence with which the lots were inclosed was of an indifferent or temporary character and was maintained in a somewhat shiftless and ineffective manner by Daniel Stevenson and his family during most, if not all, of the time down to the beginning of this controversy, when the town authorities sought to open up and improve Sixth street through the tract inclosed by said fence. Plaintiffs' claim that the plat of the town of Jesup, so far at least as it covers the tract in controversy, was never accepted by the municipal authorities or by the public, and that the proposed dedication of the streets and alleys therein never became effective, and allege that, if the town or public ever obtained or had any right in said land or in said alleged streets and alleys, it has lost the same by abandonment and is estopped by its own laches and acquiescence to now assert such alleged rights. They also claim title by adverse possession and by virtue of quitclaim conveyances from the heirs of the dedicator of the original

town plat. On the other hand, the defendant asserts its title to the streets and alleys and its right to improve the same for public use as originally dedicated, and denies that it has in any manner abandoned or lost the same.

Having thus outlined in a general way the history of the controversy before us, we think it unnecessary ₁to enter upon an extended discussion of the propositions of law which it presents. Litigation of this nature has often been under consideration by this court. Among such cases are: *Simplot v. Dubuque,* 49 Iowa, 630; *Smith v. Gorrell,* 81 Iowa, 218; *Cambridge v. Cook,* 97 Iowa, 599; *Weber v. Iowa City,* 119 Iowa, 633; *Parriott v. Hampton,* 134 Iowa, 157; *Shea v. Ottumwa,* 67 Iowa, 39; *Taraldson v. Lime Springs,* 92 Iowa, 187; *Backman v. Oskaloosa,* 130 Iowa, 600; *Sarvis v. Caster,* 116 Iowa, 707. This list is by no means exhaustive, but is sufficient to illustrate the trend of our decisions. It would not be an altogether easy task to defend the consistency of all our holdings concerning the dedication of streets and highways and the acquirement by individuals of an adverse title thereto against the public; but it may be regarded as fairly well settled that, when the public right has once attached by a sufficient acceptance of the dedication of a town plat, it is not subject to be divested by a strict application of the rules pertaining to adverse possession or to laches which obtain in controversies between individual owners or claimants. Most town plats, especially those laid out upon the vacant prairie of our state, were dedicated with no serious thought of the immediate use and improvement of all of their streets and alleys. If the hopes of the dedicator were realized, and a village, town, or city slowly developed upon the selected site, the opening and improvement of the public ways would not ordinarily progress faster than was required to meet the demands of the growing population.

1. Town plats: dedication: adverse possession.

In the smaller and less fortunate towns, where the rate of growth is quite slow, it might be many years before the public convenience would necessitate the improvement of every street and alley to its full extent, and, if meanwhile a lot owner has extended his fence to include a platted public way for which there was at the time no immediate need, the possession thus taken, in the absence of other circumstances, is in no sense adverse to the public, and acquiescence in such use by the public or municipality until the time arrives when in the opinion of the proper authorities the way should be opened up will not work an estoppel in favor of the lot owner. In other words, the acceptance of the dedication of the plat by the public is sufficiently evidenced by the fact that the town has been built thereon, and its streets and alleys have been used and treated as public highways to the extent of the reasonable needs of the population and by extending the opening and improvement of the streets to the limits of the plat as the growth of population called for such improvement. This is not to say that the public may not be estopped by notorious and long-continued abandonment, or by acts inconsistent with such assertion, to insist upon the existence of a given street or alley; but to create such estoppel something more must be shown than a failure to demand the opening of the public way before the growth or expansion of the town has made such demand reasonably necessary.

2. Same: acceptance: estoppel: acquiescence.

Applying the foregoing principles we are not able to say that the town of Jesup is shown to have unreasonably delayed the opening of the streets in question. The mere inclosure of the tract by a fence did not constitute adverse possession, nor constitute notice to the town that Stevenson was asserting title in himself to the streets and alleys thus included within his fence. Laying aside for the present the quitclaim conveyances above men-

tioned, there is no showing whatever that Stevenson ever claimed any title to the streets and alleys as against the public. He purchased the property as lots only; the description of the lots being those contained in the town plat of Jesup. His purchase of the lots as such and according to the plat of which they were a part is a recognition of such plat and of the streets and alleys by which those lots were bounded and intersected. The property has at all times been assessed and taxed as lots only, and, aside from the naked possession and use of the entire tract for agricultural purposes, there is no evidence whatever that said Stevenson claimed any rights in the streets or alleys hostile to the public, or that the public had reason to suppose that, when needed for its use, its demand for the opening of said streets and alleys would not be respected by him.

A former mayor of the town of Jesup, testifying as a witness in behalf of the plaintiff makes a statement that during his administration some person living in the vicinity of the Stevenson property asked witness to compel the opening of one of these streets, and he responded that the town had been beaten in a similar case, and he did not care to undertake another, or words to that effect. Considerable reliance is placed by counsel upon this interview as indicating acquiescence by the town in plaintiff's claim of title to the streets, but we think it cannot be given that effect. The mayor, as such, had no control over the opening and improvement of the streets, and his refusal to entertain the complaint made to him could not in our judgment prejudice the right of the public or the authority of the town to act by its council.

3. Same.

In *Shea v. Ottumwa,* 67 Iowa, 39, the street in controversy was not opened or improved for more than thirty years after its dedication. It was laid over rough and hilly ground, and there was no need for its improvement

until long after the making and recording of the plat. Speaking of the situation, the court says: "The dedication will be presumed by the law to have contemplated this state of things and imposed no condition upon the public to use the street until the public wants demanded and secured their improvement." In *Sarvis v. Caster,* 116 Iowa, 707, it is said that what is a reasonable time in which the public may indicate its acceptance of a dedication necessarily depends on the situation, and the circumstances. In *Taraldson v. Lime Springs,* 92 Iowa, 189, it is said: "There should be reasonable presumption in favor of the preservation of such public interests, and the acts to constitute an acceptance on part of the public need be such only as public wants demand."

Without further reference to the precedents, we have to say that a careful consideration of the facts shown by the evidence in this case discloses no strong or persuasive equities in plaintiff's favor. Stevenson took conveyance of the lots only, and when the town has opened up the streets his estate will have every foot of ground he purchased. The quitclaims obtained from the heirs of the dedicator of the original plat avail nothing to the trustees of Stevenson's estate. Some of these deeds were executed after the commencement of this suit, but, waiving that objection, if we are correct in the conclusions already announced, the grantors had nothing to convey, and the deeds have no effect to strengthen the claim asserted by the plaintiffs in this action.

4. Same: subsequent conveyance by dedicator.

The decree announced by the trial court appears to be both equitable and just, and it is therefore *affirmed.*