JOHN E. GABLE, Trustee, and Others, v. THE CITY OF CEDAR RAPIDS, IOWA, Appellant.

**Municipal corporations:** VACATION OF PLAT: PARTIES. Only owners 1 of that part of a plat sought to be vacated need join in the petition for that purpose.

**Same:** DEDICATION OF STREETS: ACCEPTANCE. Where a city has improved most of the streets of a plat by grading and the laying of water and sewer pipes therein, it will be held to have accepted all of the streets embraced in the plat; and the mere fact that part of such streets have not been improved or used is immaterial, provided they were not needed.

**Same:** VACATION OF STREETS. The streets of a city should not be vacated merely for the benefit of private individuals, when in all probability serious inconvenience to the general public will result; and in determining whether they should be vacated future requirements of the city reasonably to be expected should be considered.

*Appeal from Linn District Court.*—HON. W. H. TREICHLER, Judge.

TUESDAY, FEBRUARY 7, 1911.

ACTION to vacate certain streets and alleys. There was a judgment vacating same, and the city appeals.—*Reversed.*

*Wm. Chamberlain, Barnes & Chamberlain,* and *F. C. Byers,* for appellant.

*Deacon, Good, Sargent & Spangler,* for appellees.

SHERWIN, C. J.—This is a proceeding to vacate F Avenue between Seventeenth Street and Nineteenth Street, Eighteenth and Nineteenth Streets between E Avenue and F Avenue, and an alley running east and west through the center of block two of Mound View addition, all within the corporate limits of the city of Cedar Rapids. There was a judgment vacating F Avenue, Eighteenth Street, and the alley, but reserving to the city the right to use the same for the extension of its water and sewer systems. The action is based upon section 920 of the Code, which provides as follows:

Whenever the owners of any tract of land which has been platted into town lots, and the plat of which has been recorded, shall desire to vacate the plat or a part thereof, a petition, signed by all the owners of it or the part to be vacated, shall be filed in the office of the clerk of the district court of the county in which the land is situated, returnable at the ensuing term, and notice thereof given at least four weeks, by posting notices in three conspicuous places in the town where the vacation is prayed, and one upon the door of the courthouse of the county. At the term of court next following the filing of the petition and notice, the court shall fix a time for hearing the petition, and notice of the day so fixed shall be given by the clerk in some newspaper published in the county at least one week before the day appointed for the hearing. At the hearing of the petition, if it shall appear that all the owners of lots in the plat or part thereof to be vacated desire the vacation, and there is no valid objection thereto, a decree shall be entered vacating such portion of the plat, and the streets, alleys and avenues therein, and for all purposes of assessment such portion of the town shall be as if it had never been platted into lots; but if any street as laid out on the plat shall be needed for public use, it shall be excepted from the order of vacation and shall remain a public highway. Vacations made under this chapter shall not be construed to affect any lands lying

within any city or town which have been dedicated or deeded to the public for parks or other public purposes.

F Avenue runs east and west; its east end being at Nineteenth Street. E Avenue is parallel with F Avenue one block and Eighteenth and Nineteenth Streets run north and south, and terminate at the north at F Avenue. Seventeenth Street is west of Eighteenth Street, and extends north from F Avenue in a northeasterly direction as North Seventeenth Street. The land south of E Avenue between Seventeenth and Nineteenth Streets is platted and used for residence purposes. The same is also true as to the land west of Seventeenth Street, fronting both on F Aveune and Seventeenth Street. F Avenue east of Seventeenth Street and Eighteenth and Nineteenth Streets north of E Avenue have not been opened or improved, and at least a part of F Avenue east of Seventeenth Street has been fenced for a good part of the time since it was platted in 1876, and the parts of F Avenue and Eighteenth and Nineteenth Streets involved in this controversy are now inclosed. The land immediately north of the vacated part of F Avenue is not platted, but at the time of the trial land lying still farther north was being platted for residence purposes, and is well suited therefor. East of Nineteenth Street and southeast of the point in controversy much of the land is platted and occupied and north of F Avenue and a little west of Seventeenth Street there is a platted addition to the city which already has some residences, and a new city park of twenty-five acres has recently been opened near there. The appellees concede that the city shall have the right to use the vacated avenue, street, and alley for the extension of the water and sewer systems.

Residents on F Avenue in the block immediately west of Seventeenth Street and residents on Eighteenth Street south of E Avenue did not join in the petition for vacation, and the city contends that, because thereof, the

conditions required by section 920 were not complied with. The point does not seem to have been made in the district court, and hence can not be considered here. But aside from that, we think the statute requires only the owners of the part of the plat sought to be vacated to join in the petition. See *Sarvis v. Casler*, 116 Iowa, 707.

*1. MUNICIPAL CORPORATIONS: vacation of plat: parties.*

The contention of the appellees that the plat was never accepted by the city can not be sustained. It is true there is no record of a formal acceptance of the streets and alleys by ordinance or resolution, but that was not necessary. The city has improved most of the streets on the plat under consideration by grading and paving and by using them for water and sewer pipes, and such acts constitute a sufficient acceptance. *Hunter v. City of Des Moines*, 144 Iowa, 541; *Hull v. City of Cedar Rapids*, 111 Iowa, 466. The fact that a part of the street has not been improved or used is of no consequence, if it appears that it has not been heretofore needed. *Waterloo v. Union Mill Co.*, 72 Iowa, 437; *Taraldson v. Lime Springs*, 92 Iowa, 187. And, where a city has used or improved a part of a street, it will be presumed that it has accepted the entire street. *Vorhes v. Town of Ackley*, 127 Iowa, 658.

*2. SAME: dedication of streets: acceptance.*

There is no showing of an estoppel nor any proof upon which a claim of adverse possession could be based. The real question here is whether the vacated avenue, street, and alley will in reasonable probability be soon needed for public use, other than that provided for in the decree. While there is a conflict in the evidence, and the judgment of the trial court should be considered, we are nevertheless of the opinion that the judgment is wrong. Cedar Rapids has a population of about thirty-five thousand people. It is a thriving and growing city. The land east and north of the land in controversy is well suited for residence purposes, and is

*3. SAME: vacation of streets.*

now being used therefor.   Streets should not be vacated for the benefit of private persons, when such vacation will, in . all probability, seriously inconvenience the general public.   And the statute, in effect, so declares in saying that they may only be vacated when there is no valid objection thereto.  *Sarvis v. Caster, supra.*   And in determining whether there should be a vacation or not reasonable future requirement should be considered.   The very fact that it was considered necessary to reserve to the city the use of these streets for water and sewer pipes shows that they will also be needed for the use of the general public.   We also very much doubt the authority of the court to only partially vacate a street, as was done here.   If the use of the street is necessary for the public utilities of the city, what authority has the court to say that the city can only use it in conjunction with a private owner?  Manifestly the statute gives no such authority.

The judgment is *reversed.*