Caroline Schultz, Appellant, v. G. E. Stringer et al., Appellees.

**ADVERSE POSSESSION:** Color of Title—Facts Not Constituting.
1   ''Color of title'' to an alley is not derived under a deed to certain lots adjoining said alley, under certain detailed facts.

PRINCIPLE APPLIED: A block consisted of eight lots which were numbered by commencing at the northeast corner. Plaintiff's deed contained no mention of an alley, and carried the west half of the block, to wit, lots 3, 4, 5 and 6, lots 5 and 6 being south of lots 4 and 3. Seventeen years later, plaintiff conveyed lots 5 and 6, describing them by the official plat lot and

block numbers, no alley being mentioned. The plat showed the lots to be 66x132 feet, and plaintiff knew this when she bought. In early days, the entire block and some of the streets and alleys were fenced because then not needed. There are no fences now except that plaintiff has kept a gate across the alley on her west and east line. Sometimes both gates were open and sometimes the gate to the east was locked. The extent of the use of the alley was in dispute. The alley remained unimproved. Plaintiff claimed this alley was laid out by herself for her own private use. For several years, the town authorities have claimed a public alley at the point in question. At one time, plaintiff's husband was compelled to desist from digging in the alley without leaving it level. Plaintiff planted a row of trees on her south line just 20 feet north of the north line of lots 5 and 6, sold as aforesaid. The certificate to the official plat stated that the alleys were 20 feet wide. There were open alleys on both sides of the streets in adjoining blocks. Plaintiff knew people complained because the alley in question was not opened up. The plat showed an alley through the center of the block, but without the word ''alley'' thereon. *Held* not to constitute color of title.

**ADVERSE POSSESSION:** Dedication—Streets and Alleys—Plats, Recognition of—Estoppel. It is suggested that the purchase of lots by plaintiff by the official plat lot and block numbers and a sale of part of the lots by the same lot and block numbers is such a recognition by plaintiff of the plat and of the streets and alleys bounding the lots as to work an estoppel to question the legality of the plat, in an action to quiet title in plaintiff to an alley adjoining the lots.

**PLEADING:** Special Defenses—Estoppel—Abandonment—Public Alleys. Any defense which admits the facts of the adverse pleading, but by some other matter seeks to avoid their legal effect, must be specially pleaded.

PRINCIPLE APPLIED: Plaintiff, in an action to quiet title, to land claimed by defendant to be a public alley, claimed that the defendant had abandoned the alley and by certain matters and things was now estopped to assert the existence of such alley. *Held,* such abandonment and estoppel must be specially pleaded.

**ADVERSE POSSESSION:** Municipal Corporations—Applicability of Doctrine. ''Adverse possession'' does not apply to municipal corporations, and the statute of limitation will not run in such cases.

MUNICIPAL CORPORATIONS: Public Alleys—Estoppel—Abandonment—Non-User. Estoppel and abandonment, if pleaded in instant case, would have been unavailing, because the record showed affirmatively that the alley in question had never been *improved* and, therefore, no estoppel could exist; and as for abandonment, the town demanded the opening of the alley when it was needed.

*Appeal from Hardin District Court.*—Hon. R. M. Wright, Judge.

Wednesday, February 10, 1915.

Action to quiet title and for an injunction against the defendants, Stringer and Robbins, who are the mayor and city marshal of the town of Alden, to enjoin them from removing an obstruction by plaintiff in an alleged alley. The trial court dismissed plaintiff's petition and dissolved a temporary injunction theretofore issued. The plaintiff appeals.—*Affirmed.*

*H. F. Schultz* and *Lundy, Wood & Baskerville,* for appellant.

*D. C. Chase* and *Williams & Huff,* for appellees.

Preston, J.—Plaintiff in her petition alleges that she is the owner in fee simple of real estate included within metes and bounds described as follows: Beginning at the north corner of Lot Five (5), Block Fifteen (15) of the Original Town Plat of the town of Alden in the County of Hardin, State of Iowa, running thence in a southeasterly direction along the northeast end of Lots Five (5) and Six (6) of said Block Fifteen (15) to the east corner of said Lot Six (6), running thence at right angles to the line last described in a northeasterly direction one hundred fifty-two (152) feet, running thence northwesterly parallel with the northeasterly line of said Lots Five (5) and Six (6) as aforesaid one hundred thirty-two (132) feet, running thence southwesterly to place of beginning; that she has been in open, notorious, exclusive

and adverse possession of said property for more than twenty-eight years under claim of right and color of title under and by virtue of a warranty deed to her, and that her grantors were in adverse possession for more than thirty years prior to the time of the accruing of the rights of plaintiff; that defendants claim some right, title or interest in or to the property, the exact nature and extent of which is unknown to her, but alleges that she believes that, among other claims, defendants claim the right to tear down a certain fence extending along the northwesterly and southeasterly sides of the said property and to open up a right of way across the property; that defendants have threatened to tear down the fences, but she alleges that defendants have no right, title or interest in or to the property, and that any claims they may have are without foundation. She prays that she have decree quieting title in her to the property as against all defendants; that her title be established as title in fee simple, and that defendants be enjoined from interfering with the property described within the metes and bounds.

The answer denies all allegations not admitted and alleges that defendant Stringer is the mayor of the incorporated town of Alden and Robbins is the marshal thereof, and that at the times complained of in the petition defendants were acting as such; that at the times complained of in the petition, and for a short time prior thereto, plaintiff obstructed a public alley between Lots Five and Six and Lots Three and Four in Block Fifteen, Original Town of Alden, Hardin County; that said alley is about twenty feet wide and runs the entire length of said Block Fifteen; that defendants were removing the obstructions in the alley, which obstructions were wrongfully and unlawfully placed there by the plaintiff and her agent, and defendants allege that they had good right and lawful authority to remove the said obstructions.

The lots in question do not run exactly north and south, but nearly so. Lots Three and Four are the property of

plaintiff and are north of Lots Five and Six. The west side
of Lots Four and Five are on Main Street,
which runs north and south. The alley in
dispute is between the north and south half
of this block, the block consisting of eight
lots. Plaintiff obtained her title by warranty deed in 1884,
and the property is therein described as Lots numbered Three,
Four, Five and Six in Block Fifteen, all in Original Town of
Alden, Hardin County, Iowa. In 1901, plaintiff and her hus-
band, by warranty deed, conveyed a part of the property to
Birdsall, and described in the deed as Lots Five and Six in
Block Fifteen in the Original Town of Alden. No mention
is made of the alley in the deed to plaintiff or in the deed by
which she conveyed Lots Five and Six. The plat shows that
the lots are sixty-six feet wide and one hundred thirty-two
feet deep. In the description of the lots, in the petition by
metes and bounds, plaintiff has included the twenty-foot alley
at the south end of her Lots Three and Four, claiming that
her two lots are one hundred thirty-two feet east and west
and one hundred fifty-two feet north and south. In the peti-
tion, the plaintiff has avoided referring to the alley and to
the fact that the defendants are officers.

In an early day the entire block was fenced, including
the streets, or some of them, and the alleys, witnesses testi-
fying that at that time they were not needed. In recent years,
there are no fences around plaintiff's Lots Three and Four,
except that at the west end of the alley she has maintained a.
gate, or bars, and the gate across the alley half way between
the west and east end, that is, at the east line of her lots.
There are no improvements upon the alley south of plaintiff's
lots and it has been sown to grass, although at one time it
seems there were some apple trees in the alley, as we under-
stand the record, which had been removed.

There is a conflict in the testimony as to the use of the
alley by other parties, some of the witnesses for defendant
testifying that it was used by a number of people whenever

1. ADVERSE POS-
SESSION: color
of title: facts
not constitut-
ing.

they chose to go through; one witness puts it that it was so used for eighteen years or more to his knowledge. The gate at the east was kept locked part of the time, and part of the time they were all open. Plaintiff's witnesses deny such general use and say that it was only used by some of the neighbors, and then by plaintiff's permission.

Plaintiff did not herself testify as a witness, but her son, who negotiated the purchase of the property as her agent, testified, as did also her brother, her brother-in-law and her husband. The husband testifies that he and his wife bought the property together and the title was placed in her name for convenience. The town had been claiming for several years that there was an alley at the point in question, and about ten or twelve years before the suit was brought, the plaintiff's husband was digging in the alley for dirt to make a fill near plaintiff's house and was stopped by the city marshal, and the husband then went before the city council and obtained permission to remove the dirt on condition that he would leave the alley way level so it could be used. Plaintiff's son, who is a lawyer and who lives at Minneapolis, Minn., states that the ground is claimed by his mother by reason of long possession undisturbed, by reason of having made valuable improvements, and no authority over the street or alley has been exercised by anyone else, and this is substantially the claim of plaintiff's husband. The plaintiff's husband testifies:

"When I bought this land I knew that it was not farm land but was a part of the town plat of Alden. I knew how long and how wide the lots were. I don't want to swear that I didn't know that there was an alley south of my property. What I say is that I didn't think anything about it. I left a twenty-foot space on the end of my lots because I wanted a driveway. I planted trees on the south end of Lots Three and Four twenty feet from the north end of the Birdsall lot line. I planted them clear along the south end of my lots in a straight line. My barn is two or three feet from the lot

line, and the doors open into this driveway. I planted the trees just twenty feet from the Birdsall lot line so that they would look nice. An eighteen-foot driveway wouldn't look good at all. I wanted it just twenty feet, and no more. Twenty feet is just the width of the alleys in the town of Alden. I knew the length of my lots, and we took a tape line and measured twenty feet for an alley from my lot line. I knew that the town claimed the alley. There are open alleys on both sides of the streets in the adjoining blocks. There are open streets on all sides of this property. I knew that people complained because this alley was not open. I don't know whether or not I told Stringer that I had an object in keeping up the bars at least once a month, I might have said so. I used to use the alley on the east end. I have often driven out that way. I don't make any claim to that. The east end of the alley on Washington Street was always open so that I could drive right in. There were persons who were going through this traveled track through the alley without asking my permission. They had been doing this for some years.''

Witness Stringer testifies that Mr. Schultz did say to him that he had an object in keeping up the bars once a month.

There are other circumstances shown in the record, some of which may be referred to later, but we think enough has been set out to show that plaintiff has no color of title under the deeds before referred to.

There is some claim by appellant that the original plat of the town, made about 1855, is defective, in that the only reference to alleys therein is the following in the certificate attached to the plat:

''I do hereby certify that the above plat of the town as made by me is correct, the lots being sixty-six feet wide and one hundred thirty-two feet deep, and a stake at each corner, and streets sixty-six feet wide and alleys twenty feet wide.''

The plat itself shows an alley between the north half and the south half of Block Fifteen. It is said in argument by

appellant that the plat accompanying the said certificate
shows a numbering of lots and the naming of
streets, but there is no suggestion anywhere
that any portion of said plat is intended to
mark an alley, and that the word alley does
not appear upon the plat, and that the record does not show
an acceptance. But it occurs to us, without determining the
point suggested, that the purchase of the lots by plaintiff and
the sale of a part of them is a recognition of the plat, and
also of the streets and alleys by which these lots were bounded
and intersected, and that appellant ought not to now ques-
tion the legality of the plat. *Taraldson v. Lime Springs,* 92
Iowa 187, 190; *McClenehan v. Jesup,* 144 Iowa 352.

2. ADVERSE POS-
SESSION : dedi-
cation : streets
and alleys :
recognition
of : estoppel.

Other questions are argued which it seems to us are not
in the case; for instance, the question of estoppel and aban-
donment by the city. These questions are not pleaded, and
even if they were, the evidence is not suffi-
cient to sustain such claims. Counsel for ap-
pellant seem to think that the defendants are
required to allege and prove these things.
But plaintiff has brought suit to quiet title, claiming to own
the property, that is, the alley, by adverse possession, under
color of title and claim of right. We have already suggested
that plaintiff has no color of title, and we are unable to see
that she has established any claim of right. The only thing
she has done has been to fence up by gates and bars this
alley. This is not sufficient. *Goulding v. Shonquist,* 159 Iowa
647.

3. PLEADING :
special de-
fenses : estop-
pel : abandon-
ment : public
alleys.

Furthermore, by our later cases, the doctrine of adverse
possession does not apply in this state to municipalities or
other bodies exercising governmental functions, and the stat-
ute of limitations will not run in such a case.
*McClenehan v. Jesup,* 144 Iowa 352; *Quinn
v. Baage,* 138 Iowa 426; *Burroughs v. Chero-
kee,* 134 Iowa 429; *Vorhes v. Ackley,* 127 Iowa
658; *Johnson v. Shenandoah,* 153 Iowa 493; *Weikamp v.
Jungers,* 150 Iowa 292.

4. ADVERSE POS-
SESSION : mu-
nicipal cor-
porations : ap-
plicability of
doctrine.

It is said by appellant that the defendant town is not a party to the suit. That is true, but the defendants are officers of the town and were acting in that capacity when they removed the gates and bars of which appellant complains, and they were acting by direction of the city council and the county attorney had also notified the plaintiff to remove the obstructions before they were removed.

5. MUNICIPAL CORPORATIONS: public alleys: estoppel: abandonment: non-user. As before stated, there are no improvements upon the twenty feet in question, so that the doctrine of estoppel as applied to a case of this character does not apply. *John-son v. Shenandoah, supra.*

In *McClenehan v. Jesup, supra,* it was held that the acceptance of the dedication of the town plat is evidenced by the building of a town thereon and the use of its streets and alleys by the public to the extent of its requirements, and the court said:

"This is not to say that the public may not be estopped by notorious and long continued abandonment or by acts inconsistent with such assertion, to insist upon the existence of a given street or alley; but to create such estoppel something more must be shown than a failure to demand the opening of the public way before the growth or expansion of the town has made such demand reasonably necessary."

It was also said in that case:

"In the smaller and less fortunate towns, where the rate of growth is quite slow, it might be many years before the public convenience would necessitate the improvement of every street and alley to its full extent, and, if meanwhile a lot owner has extended his fence to include a platted public way for which there was at the time no immediate need, the possession thus taken, in the absence of other circumstances, is in no sense adverse to the public, and acquiescence in such use by the public or municipality until the time arrives when

in the opinion of the proper authorities the way should be opened up will not work an estoppel in favor of the lot owner.''

In the instant case there is testimony of witnesses that at the time plaintiff purchased this property the alleys, and even some of the streets, were not needed, but, as the town grew in that direction and the vacant lots were filled up, there was a necessity for opening up the streets and alleys for the convenience of the public. Nonuser is not enough to constitute an abandonment unless coupled with affirmative evidence of an intention to abandon. *McCarl v. Clarke County,* 167 Iowa 14.

The plaintiff has not established her right to have her title quieted to this twenty-foot strip, nor has she shown herself entitled to an injunction to prevent the officers from removing the obstructions in the alley. Such was the holding of the district court, and the judgment and decree are— *Affirmed.*

Deemer, C. J., Evans, Weaver and Ladd, JJ., concur.