INDEPENDENT SCHOOL DISTRICT OF MARIETTA, Appellant, v.
JOHN A. TIMMONS, Appellee.

**ADVERSE POSSESSION:** Deeds to Abandoned "Public Square."
Ten years' unquestioned possession, under recorded deeds, of a
public square of an abandoned municipal corporation ripens·
into an indefeasible title against a school corporation which
embraced such land. (See Sec. 932, Code Suppl. Supp., 1915.)

*Appeal from Marshall District Court.*—JAMES W. WILLETT,
Judge.

DECEMBER 16, 1919.

ACTION to quiet title, brought by plaintiff, appellant,
against defendant, who claims to be the owner of the real
estate involved, and who is now in possession. After a trial
on the merits, the plaintiff's petition was dismissed, and
it appeals.—*Affirmed.*

*C. H. Van Law,* for appellant.

*C. H. E. Boardman* and *E. N. Farber,* for appellee.

PRESTON, J.—The petition was filed August 18, 1915.
The land in controversy consists of nearly two acres. It
is alleged that plaintiff, a school corporation, as an Inde-
pendent School District, embraces within its corporate ter-
ritory, and has, since it organized, embraced within its
corporate territory, the premises in controversy; that
plaintiff, for the purposes of such school corporation, is
the absolute owner in fee simple of that certain tract of
land described and platted as the Public Square of the
Town Plat of Marietta, Marshall County, Iowa, and as
such, is entitled to the exclusive use, occupancy, and posses-
sion thereof, for school purposes; that defendant makes
some claim adverse to plaintiff's title and interest. The
answer denies that plaintiff, as a school corporation, or for

any other purpose, is the fee simple owner of the real estate, and denies that plaintiff is entitled to the use, occupancy, and possession thereof; avers that defendant is the absolute and unqualified owner of the real estate. Plaintiff claims title under Sec. 932, Supplemental Supplement to the Code. Defendant contends that there are and were defects in the early dedication proceedings, and a failure to comply with the statutes then in force; that the statute is unconstitutional, in that it attempts to take defendant's property, or whatever interest he may have therein, without compensation, and further, that the state had no title to the property, and therefore had no authority or power to give plaintiff title by legislative enactment. The defendant claims to be the owner under color of title, by reason of certain deeds and adverse possession thereunder for 17 years. The disputed question of fact appears to be whether defendant had possession for the required length of time. Under authorities cited by appellee, the plaintiff must recover on the strength of its title. If plaintiff has no title, it is not entitled to the relief asked. A considerable part of plaintiff's argument is upon the weakness of defendant's title.

In 1859, the county seat of Marshall County was moved to Marshalltown. Prior to that time, the town of Marietta was the county seat. It is thought probable by appellee that it was the purpose to build the courthouse on the plat of ground in controversy, and called the public square. After the removal of the county seat to Marshalltown, the glory of Marietta departed,—also its population, as counsel put it. Its streets, alleys, and avenues became farm land, and Marietta, as a municipality, had ceased to exist. Appellant concedes that, for more than 40 years, all municipal organization as to said town had been abandoned. Plaintiff offered in evidence the records in the office of the county auditor, showing, as plaintiff claims, the platting of

the town of Marietta, but which defendant contends is only an attempted platting. Plaintiff also offered other documents, showing the location of the public square and the related streets and platted blocks. The plat was approved by the county judge, and ordered recorded; and it was recorded in 1854.

It appears from these records that, in 1851, John Hobbs and Isaac Dawson became the owners of certain land in Marshall County by patent from the United States; and on that land, in 1854, William Dishon and Isaac Dawson attempted, as defendant contends, to plat the town of Marietta. Defendant claims that the platting was not effectual, because, according to the record at the time of the platting, Dishon and Dawson did not own the land in controversy, designated as the public square. It appears that, on October 24, 1851, Hobbs and Dawson conveyed one half this land,—that is, what was later platted as the public square, —to Marshall County, so that the county then owned one half, and Hobbs and Dawson the other half. In 1851, Dawson conveyed one fourth to Hobbs, and, on the same day, Hobbs conveyed one fourth to Dawson. So it appears that when, in 1854, Dishon and Dawson attempted to plat this land, and convey it to the public, they owned only one fourth of it. Defendant contends that, therefore, the platting was not in conformity to the statutes then in force. The argument of appellee is that Section 632 of the Code of 1851 requires the proprietor to do the platting, and that, as to the tract in question, the parties platting were not the proprietors; that Section 633 requires the proprietors to cause a survey to be made, and that Dishon was not the proprietor; that Section 635 requires all the owners to acknowledge the plat, and that, in this case, the owners of three fourths did not do so; that Section 637 provides that, if all the owners acknowledge and record such a plat, it is equivalent to a deed in fee simple. And they say that, the

persons filing the plat not being the owners, having parted with their title two years before, their deed, or rather plat, conveyed nothing.

It is contended by appellee that, because the law was not complied with in platting this land, in 1900 the record title thereto was vested in Marshall County, John Hobbs, and the Isaac Dawson estate, because they were the original patentees and assigns. In January, 1900, defendant purchased the Hobbs interest, and, in May of the same year, purchased the Dawson interest. In April, 1902, he purchased all the interest of Marshall County, and received deeds from all said parties, which deeds were all promptly recorded. On January 5, 1903, defendant had this tract platted as Lot 2, in the section described, and the plat certified and filed in a plat book of the records of Marshall County. Appellee's theory of the purchase of 1902 is that, whether the land reverted to the original owner, with the abandonment of the town, 40 years before, or whether it remained in Marshall County, his deeds from Marshall County and from Hobbs and Dawson made his title secure, and that, in any event, the deeds gave him color of title, and his possession thereunder for more than 10 years gave him the title; that his title and interest are such that the state had not the power to confiscate it without compensation. Defendant paid the taxes on the tract from 1903 to 1915, and has paid all taxes for subsequent years. Neither plaintiff nor any other person has paid or tendered defendant the taxes so paid, or the purchase price paid by defendant, nor has the plaintiff paid or offered to pay defendant any compensation for the land, or for defendant's interest therein. Defendant did not fence the tract until about a year before the commencement of this suit.

Plaintiff contends that, during the time defendant claims to have been in possession, the property was used as a common. There is evidence that stock of other people

did graze on the land to some extent, and it was sometimes used by young people to play ball, etc. Defendant's evidence is that he was engaged in the pasture business; that he gathered up or collected animals of different people on this property, and would then take them to pasture, and, in the evening, drove them to this place, and distributed them to their owners. Without going into the evidence in detail on this, we think the record shows that he had possession as much as a person can usually, with unfenced property.

It appears without any question that, for at least 15 years before the commencement of this suit, he claimed to own the property. He had deeds, he paid the taxes, and had possession. The officers of plaintiff school district had knowledge that defendant was claiming the property. They talked it over, in their board meetings. The length of time that they had such knowledge does not appear. At one time, an action was brought in the district court of Marshall County, to vacate certain streets and alleys and a part of the platted town of Marietta, and a decree was entered, vacating such parts; but defendant was not a party to that action, as we understand the record, and the descriptions of the property did not cover the two acres in controversy. The record of that proceeding is somewhat indefinite. We do not find the date of these proceedings given in the record. We are of the impression that it was in 1915, at about the time proceedings were had by the school district to acquire this property, and about the time of the passage of the act of the legislature.

As we understand the record, plaintiff sought to acquire this property as a school site, upon which they expected to erect a school building. About March 15, 1915, a petition signed by resident electors of the plaintiff district was presented to the board of directors, asking that a special election be held, and that the question be submitted

whether the public square of the town plat of Marietta be transferred to the plaintiff district, to be dedicated and used for school purposes. On that date, at a special meeting, the petition was held sufficient, and an election was ordered for the 29th of March. The election was held, and the proposition carried, 19 to 4. On the same day of the election, a special meeting of the board was held, and a resolution passed that the property be fenced immediately. The act of the legislature amending Section 932, upon which plaintiff relies, is Chapter 22, Acts of the Thirty-sixth General Assembly, and it was passed and became a law in March, 1915. At that time, defendant's deeds and plat had been of record 12 years or more, and defendant had paid taxes and been in possession for that length of time. Such is the situation, stated somewhat in detail perhaps, and yet as briefly as seems practicable.

In the view we take of the case, it is unnecessary to determine several of the questions argued by the parties. Some of these have already been indicated. Further points by plaintiff are that, under Section 917 of the Code, dedication by statement and plat is equivalent to a deed in fee simple; that, after the lapse of many years, slight evidence of acceptance of dedication of a street is sufficient; and that, by the designation of a tract as a public square, the title to such tract vests in the public, and, on the incorporation of the city including such tract, inures to the municipality in trust for the public use. *Lacy v. City of Oskaloosa,* 143 Iowa 704, and other cases. Another point is that, when the public right to streets has once attached by a sufficient acceptance of the dedication of a town plat, it is not subject to be divested by a strict application of the rules pertaining to adverse possession or to laches, which obtain in controversies between individual owners. *McClenehan v. Town of Jesup,* 144 Iowa 352. The real ques-

tion decided in that case was that the city was not requir-
ed to work all its streets, until they were needed.

Further questions argued by appellee are that, if the
town of Marietta had the title, it could convey it away, and
adverse possession of defendant would destroy that title
(citing Code Section 883) ; that, where land is dedicated
for a public square, an act of the legislature devoting same
for another purpose is unconstitutional (*Warren v. Mayor
of Lyons City,* 22 Iowa 351) ; and that, under the Constitu-
tion, an act of the legislature which takes private property
without just compensation is unconstitutional. He further
argues that this land was not public property, but private
property, at the time the legislature enacted this statute.
They argue, too, that plaintiff's case is based upon the
proposition that the state of Iowa had the title, and that,
by legislative enactment, the state has the right to authorize
it to be conveyed to plaintiff by the process of an election;
that the state is not the holder of the title of real estate
simply because it is abandoned by a municipal corporation.
They argue further that, assuming that the persons making
the plat had authority to dedicate the land as a public
square, it became the public grounds of the town, and that
the legal title was in the town; that, when the town is
abandoned, under Sections 643 to 647, inclusive, Code of
1851, an application may be made to the court for an order
of vacation, and that, upon such vacation, the portion set
out on the plat for public purposes shall revert to the origi-
nal proprietor, his heirs or assigns. They say that, in the
instant case, no order of vacation was necessary, since the
abandonment was as effectual as the order, and that the
reversion was complete, and that one making a statutory
dedication should have the reversionary interest which the
same statute provided for. Again, they argue that, under
a statute of 1862, referred to in *Day v. Schroeder,* 46 Iowa
546, 547, upon vacation of public grounds, the title vests

in adjoining landowners; that it is immaterial whether the title was in the town of Marietta or in the original owners, by reversion, or in the owners of adjoining property, by process of law; because, after all, the important thing is that the state did not obtain any title. Section 931 of the Code provides, in substance, that the people of an independent school district wherein is situated a public square deeded or dedicated to the town or public may transfer or rededicate to the school district such square for the purposes of a public school lot, for the erection of a schoolhouse, or for playgrounds in connection therewith. Section 932, before it was amended by the thirty-sixth general assembly, provided for the manner of transfer; and the amendment provides, in substance, that, in the event that any such town shall have discontinued its organization, or failed to exercise its municipal powers for more than 10 years, then a petition may be presented to the board of directors of the school corporation, making it the duty of the board to call an election and submit the proposition, and, if it carries, then a transfer of such public square shall be complete, and it may be appropriated and used for the purposes indicated by the vote. The effect of these statutes, and whether the legislature has power to authorize the transfer of a public square, where the rights of third persons have not intervened after the discontinuation of the organization of the town, and before the passage of the act, we do not determine. That is not this case. We think defendant's possession, which was adverse to everyone, under color of title, acquired many years after the abandonment or discontinuation of the town organization, ripened into a title, and that defendant had such a property interest that it could not be taken by the plaintiff under the act of the legislature, without making compensation. The point or claim made by plaintiff against the defendant's claim of title by adverse possession is, as before stated,

that defendant did not have possession of the land in controversy.

We reach the conclusion that the judgment and decree appealed from ought to be affirmed. It is—*Affirmed.*

LADD, C. J., EVANS and SALINGER, JJ., concur.