JOHN PEDERSON, Appellant, v. TOWN OF RADCLIFFE et al., Appellees.

No. 43374.

FEBRUARY 7, 1939.

Lee, Steinberg & Walsh, for appellant.

Peisen & Soper, for appellees.

MILLER, J.—This suit challenges the validity of two ordinances of the town council, one of which purported to vacate a portion of a street and the other a portion of an alley shown in blocks 7 and 8 of Drake and Ballard's Addition to the town of Radcliffe. The plat of said blocks 7 and 8 is as follows:

As above indicated, block 7 of said addition is bordered by Ionia, Dewey, Minnie and Park streets, and block 8 of said addition is bordered by Ionia, Park and Minnie streets and a county highway. The county highway is graveled and extends along the east limits of the town.

Appellant, Pederson, is the owner of lots 8, 9, 10 and 11 in said block 7. Appellee, Anders, is the husband of one of four owners of lots 2, 3 and 4 in block 7, and lot 2 in block 8, is in possession of said four lots, and is a member of the town council. The other appellees include the mayor and the other councilmen, and four owners of the lots occupied by Anders.

Anders closed the alley along the south side of lot 19 in block 7 and lot 1 in block 8 some time before the commencement of this suit, and also placed a fence in the right of way along the south side of the lots occupied by him in blocks 7 and 8. The fence extended into the right of way about 12 or 15 feet. Ionia street is 66 feet wide. The alleys are 20 feet wide. Appellant commenced this suit to secure the re-opening of said alley and the removal of Anders' fence from the right of way of Ionia street.

Shortly after the commencement of the suit, the town council undertook, at a special meeting, to enact two ordinances, one of which attempted to vacate the alley that Anders had closed, and the other attempted to vacate Ionia street between Dewey street and the public highway on the east of the town limits. No petition was filed to secure such ordinances. This suit was discussed by the council when the ordinances were enacted and they were advised that the ordinances would be a defense to the suit. The ordinances were pleaded as a defense in the answer of appellees.

In response to the answer, appellant replied that the ordinances were void because they were arbitrary, unwarranted exercise of authority, undertaken after the commencement of the suit, for the purpose of creating a defense thereto, not in good faith, after the street and alley had been in use a long time, and when the vacation thereof was contrary to and subversive of the interests of the citizens of the town. The allegations of the reply were also included in an amendment to the petition.

The trial court determined that there was not sufficient inconvenience of appellant shown to require opening of the alley, and dismissed that portion of his petition. Appellant has appealed therefrom.

The trial court also determined that the fence in Ionia street was a nuisance, that the vacation of the street was a serious inconvenience to appellant and to the public, was undertaken at a special meeting of the council for the obvious purpose of creating a defense to this suit, that the council intended to keep the street open to the public although vacated and unfenced, that the action taken in regard to the vacation of the street was not only unwise and not for the public good, but was also arbitrary and an abuse of discretion on the part of the council. Accordingly, appellees were enjoined from obstructing or interfering with the public travel on Ionia street, east of Dewey street, and the ordinance which attempted to vacate such portion of the street was set aside as invalid. Appellees have appealed from this portion of the decree.

The trial court taxed the costs, one third to appellant and two thirds to appellees. Both parties complain of this.

In regard to the vacation of the alley, appellant contends that the ordinance was fatally defective in that it failed to adequately describe the alley. The parties stipulated that on

October 24, 1934, after the commencement of this action, the town council passed an ordinance vacating the east 305 feet 10 inches of the alley between lots 1 and 2 of block 8, and the east 150 feet between lot 1 and lots 6, 7 and part of lot 5, Drake and Ballard's Addition to the town of Radcliffe. It was also agreed that the lot 1 referred to in the ordinance appears on the plat as lot 19. It will be noted from the plat above set out that this ordinance properly describes the alley in so far as block 8 is concerned, but wholly fails to describe the alley in so far as block 7 is concerned. The ordinance fails to mention block 7. Also, considering lot 1 as lot 19, said lot 19 is not opposite lots 5, 6 and 7 in block 7. It is, therefore, apparent that the ordinance alone is not a sufficient defense to the obstruction of the alley in block 7. We also think that the ordinance is invalid for the reasons stated by the trial court in determining the ordinance invalid which attempted to vacate Ionia street from Dewey street to the county highway.

An obstruction of a street or highway is declared to be a nuisance by paragraph 5 of section 12396 of the Code. See, also, Young v. Rothrock, 121 Iowa 588, 96 N.W. 1105. Section 5945 of the Code requires cities and towns to keep streets and alleys open and free of nuisances. Both of the obstructions complained of herein were nuisances and should have been removed by the town unless the ordinances constituted a defense.

Section 5938 of the Code authorizes cities and towns to vacate streets and alleys. The courts will not ordinarily interfere with a legislative action of a town council in vacating a street or alley. However, where the town council acts arbitrarily and without regard for or against the interests of the public, its action in attempting to vacate a street or alley will be declared invalid. Lerch v. Short, 192 Iowa 576, 185 N.W. 129; Gable v. Cedar Rapids, 150 Iowa 108, 129 N.W. 737. In the case of Krueger v. Ramsey, 188 Iowa 861, 175 N.W. 1, this court construed the provisions of section 668 of the Code of 1897, which now appear as section 5673 of the Code, prohibiting a member of the council being interested directly or indirectly in any contract or job for work, or the profits thereof, or the services to be performed for the corporation, as rendering invalid an ordinance puporting to vacate an alley, wherein one of the members of the council was financially interested in obtaining such vacation.

■ We have carefully reviewed the evidence, and find that the trial court properly found that the attempted vacation of Ionia street was a serious inconvenience to appellant and to the public, was undertaken at a special meeting of the council for the obvious purpose of creating a defense to this suit, that the council intended to keep the street open to the public although vacated and unfenced, that the action taken in regard to the vacation of the street was not only unwise and not for the public good, but was also arbitrary and abuse of discretion on the part of the council. The decision of the trial court to the effect that the ordinance, which attempted to vacate Ionia street, is invalid, must be affirmed.

While the evidence in regard to the adoption of the ordinance attempting to vacate the alley is not as strong as that in reference to Ionia street, the two ordinances were adopted at the same time, for the same general purpose, each without regard to the public interest, and primarily to benefit appellee, Anders, who was a member of the council. The court erred in holding the ordinance, which attempted to vacate the alley, to be valid and a defense to this suit. Accordingly, the court also erred in taxing any costs against the appellant, Pederson.

That portion of the decree which dismissed the petition of appellant, in so far as it sought to secure the removal of the obstruction of the alley, and which required appellant to pay one third of the costs, is reversed. In all other respects the decree is affirmed. The cause is remanded for decree in conformity with the opinion of this court.—Reversed in part; affirmed in part.

CHIEF JUSTICE and all JUSTICES concur.