Levi Fountain, Appellant, v. R. A. Keen and J. M. Burge.

Highways: DEDICATION: *Evidence.* Plaintiff and defendant's grantor united to procure a road from their respective places to a public road north of them, and, pursuant thereto, plaintiff concededly procured a dedication of the part he had agreed to procure. Defendant's grantor procured a deed of his part direct to himself, the deed reserving in the grantors a "free and undivided right of the said herein described," and reciting "said land to be used as a public highway." It appeared that after the road was opened plaintiff joined in a petition to the county authorities to have it declared a public highway, and also applied to have it established as a school road. *Held,* that no dedication to the public of the strip deeded to defendant's grantor was shown, and plaintiff's petition to have it declared a public highway was properly dismissed.

*Appeal from Johnson District Court.*—Hon. M. J. Wade, Judge.

Saturday, April 12, 1902.

Action in equity to have a certain road declared a public highway, and to secure the removal of obstructions therein. From a judgment dismissing the petition at plaintiff's costs, he appeals.—*Affirmed.*

*Howell & Wilson* for appellant.

*Ranck & Bradley* for appellees.

WATERMAN, J.—The annexed plat will show the road in dispute, with its immediate surroundings:

SECTION 36, 78, 6.

It fairly appears that Crain, who was the grantor of defendant Keen, and plaintiff, in the year 1889, desired to procure a road from their respective places north to the east and west highway shown on the plat. It was agreed between them that plaintiff should secure a strip off the east side of the Rayner land, then belonging to the estate of one Loan, deceased, who left a widow surviving him and also minor children, who were under guardianship. Plaintiff it seems

acted. By proper proceedings had, the guardian was author-
ized to sell such strip, and he made a deed to the public, but
in it described the land conveyed as 18 feet wide off the north
side of said tract. The 16½-foot strip on the east side was,
however, in fact set off, and fenced, at least in part. Crain
procured a deed from Serber and wife to him as grantee of
a strip 16½ feet off the east side of the Serber land, which
deed contained this provision "Above-named Mathews and
Maryan Serber to have free and undivided right of the said
herein described. Said land to be used as a public highway."
This strip was opened and fenced, except that a gate was put
in just south of the Serber house. It is true there is evidence
of other gates across the way, and some conflict as to the
amount of travel, but for our purpose we may concede plain-
tiff's claim that it was opened and used for some two years
by such of the public as had occasion to go to the lands of
Fountain or Crain. About the year 1895 another gate was
put in by defendant Burge, at the northeast corner of the
Serber tract, and it is this obstruction that is sought to be
removed. During the trial Rayner, who bought the land of
the Loan estate, appeared as a defendant, and set up that he
had executed a quitclaim deed to Johnson county of the strip
16½ feet wide off the east end of his 80 acres, to correct the
guardian's deed heretofore mentioned, and he disclaimed any
interest therein. In the year 1893 Crain quitclaimed his in-
terest in the strip bought of the Serbers to defendant Keen,
and in 1899 the latter and wife quitclaimed the same to de-
fendant Burge.

I. The first question for consideration is whether there
was any dedication of this strip to the public. That Foun-
tain and Crain united in an effort to procure a way from
their premises to the public road on the north is conceded, and
taking the action of the guardian of the Loan minors, to-
gether with Rayner's subsequent deed, we may concede,
though for the purpose of argument only, that Fountain pro-

cured a dedication of the part of the road which he had agreed
to procure. But it does not follow that the whole way was ded-
icated, nor, indeed, that Fountain and Crain had anything
more in mind than a private road in making their agreement.
They were endeavoring to get access to a public highway.
Each was to secure a part of the land necessary. So far as
appears, the only manner in which Fountain could comply
with his part of the agreement was by getting a dedication
to the public; but not so with Crain. He procured a deed di-
rect to himself, and that is inconsistent with any rights in
the public. So, too, it appears the Serbers, when they con-
veyed to Crain, did not understand they were making a dedi-
cation of a public highway, or they would not have reserved a
right of use in themselves. The phrase in their deed, "said
land to be used as a public highway," in the light of these
considerations, and of the further fact that a dedication to
the public would be inconsistent with their grant to Crain,
must be taken to mean only that it was given for purposes of
travel, and not for cultivation,—that Crain, not the public,
should hold it as a way. There are some further facts tend-
ing to show that plaintiff did not at the time understand this
to be a public highway. He at one time after this road was
opened joined in a petition to the county authorities asking
to have this strip established and opened as a public highway.
This was refused, and he later applied to the school authori-
ties to have it established as a school road, and this request
was also denied. Many authorities are cited by appellant to
show what use of a way is necessary in order to vest title in
the public. See *City of Waterloo v. Union Mill Co.,* 72
Iowa, 437; *Taraldson v. Town of Lime Springs,* 92 Iowa,
187; *Devoe v. Smeltzer,* 86 Iowa, 385; *Baldwin v. Herbst,*
54 Iowa, 168. But in all these cases, and others which might
be cited, prior dedication was shown. It is that element
which is lacking in the case at bar. The Serbers could not
have dedicated, *id est,* conveyed to the public, for they con-

veyed to Crain, and there is no contention that the latter ever made such dedication.

There is no claim here of a right, irrespective of actual dedication, obtained by adverse user. Nor is there any claim to this strip as a private road. As the latter question might depend on the matter of notice to Keen of plaintiff's rights when the former purchased of Crain, and that is not argued, we do not think it proper to decide the question, even though we might deem it included in the case presented. We might have dismissed this appeal because of a failure to comply with the rules, for the abstract is nothing but the transcript in print, but have thought better to dispose of it on its merits, as the record is not large, and no great amount of undue labor is imposed upon the court.—AFFIRMED.