JOHN A. BROWN, Appellant, v. HENRY PECK, ET AL., Appellees.

**Highways:** PRESCRIPTION: EVIDENCE. Under Code, section 3004, adverse possession of a right of way can only be established by proof independent of the use of the way, that the party claims the easement as a right, and has been in the adverse, continuous possession

of the same for the statutory period, with notice to the adverse party. Evidence held sufficient to sustain a prescriptive right.

*Appeal from Iowa District Court.*— HON. O. A. BYINGTON, Judge.

SATURDAY, NOVEMBER 19, 1904.

ACTION for an injunction to restrain defendants from injury to, or trespass upon, the lands of plaintiff. The opinion states the case. From a decree in favor of defendants, the plaintiff appeals.— *Affirmed.*

*D. H. Wilson* and *S. H. Fairall,* for appellant.

*J. T. Beem* and *C. Hedges,* for appellees.

BISHOP, J.— Plaintiff and the defendant Peck own adjoining forty-acre tracts of land in Iowa county — the land of plaintiff lying to the south of that of defendant. The defendant Rentz owns land north of that of defendant Peck. The particular controversy arises over the use by defendants of a roadway skirting the head of a deep ravine, which comes up from the west, and extends into and upon plaintiff's land for a distance of about fifteen rods. To the north and south of the ravine is an open highway running along the forty-line, and connecting with the main county seat road at the south line of plaintiff's land. The defendants jointly pleaded an easement under claim of right followed by adverse possession, and extending over a period of about forty years. On the part of plaintiff the reply is made that the use of the roadway, in so far as such has occurred, was by license only.

It requires no citation of authorities to support the proposition that highway rights may be obtained by prescription. To support the right, however, it must be made to appear that the use has been adverse, continuous, and as of right, for the statutory period of limitation. *Gray v.*

*Haas,* 98 Iowa, 502. Under the present statute in this State, adverse possession cannot be predicated upon proof merely of use. It must be established by evidence, independent of the use, that the party claimed the easement as his right. And the party against whom the claim is made must have had express notice thereof. Code, section 3004.

We cannot set forth the evidence in detail. It appears that the original entry of both forties was made by one Mason, so that plaintiff and defendant Peck each trace title from him. We think it fairly established by the evidence that from the time Mason sold the north forty, in the year 1864, the way in question has been in open and continuous use, uninterrupted, until the erection by plaintiff of fences shortly before, and giving rise to, the commencement of this action; that such use was not only by the successive grantees of Mason, including Defendant Peck, but by the people of the neighborhood generally. So, too, we think it sufficiently appears that such use was under claim of right, and this with the knowledge of the successive owners of the fee. True, there was no proclamation of the right until plaintiff attempted to close up the road; but until then there had been no denial of the right of use, and hence there had been no necessity for a proclamation. Theretofore the use had been enjoyed, accompanied by such circumstances as that it might readily be inferred that a right was claimed on the one part and conceded on the other part. And " surely a landowner who promptly claims a right to an easement when it is obstructed, and denies the right of another to obstruct it, must be regarded as holding the easement adverse to the other, who interferes with his enjoyment of it." *McAllister v. Pickup,* 84 Iowa, 68.

The decree was warranted by the facts, and it is *affirmed.*