H. C. JOSEPH, Appellant, v. JAMES SHARP, Road Supervisor, et
al., in and for Woodbury County, Iowa, Appellees.

HIGHWAYS: Adverse User—Claim of Right—Prescription—Estoppel
—Dedication. "Use" alone will not cause a traveled way to
ripen into a highway by prescription; but *use* plus a *claim of
right,* with notice, will, if acquiesced in for ten years. (Sec. 3004,
Code, 1897.)

PRINCIPLE APPLIED: An east and west highway was or-
dered established "as nearly as practical on the section line". In
the actual laying out, the authorities *purposely* caused the road,
at one point, to depart from the section line and to pass to the
south and around a hill and then to angle back across the north-

· east corner of a section, thus detaching a triangular piece of land from the rest of the section. The then owner of this section *recognized this location* by fencing accordingly. Travel was strictly confined to said location, and the public authorities, claiming that the location was substantially as authorized, continued for some 30 years to improve the road. For 40 years, plaintiff lived within half a mile of the point in dispute. 19 years after the road was so located, plaintiff bought the east half of this northeast quarter and, 13 years later, fenced across said road and up to his northeast corner. In the meantime, another road was established along the east side of said section. *Held,* the record showed a highway (a) by prescription, (b) by dedication and (c) by estoppel.

*Appeal from Woodbury District Court.*—HON. J. W. ANDERSON, Judge.

WEDNESDAY, OCTOBER 20, 1915.

SUIT in equity to enjoin defendants from interfering with or preventing plaintiff from building a fence, or fences, upon certain lands claimed to belong to him and from tearing down the fences erected by him upon the E ½ of the N E ¼ of Section 9, Township 88, Range 46 West of the 5th P. M. The defendants answered, and, upon the issues tendered, the trial court dismissed the petition, and plaintiff appeals.— *Affirmed.*

*John F. Joseph,* for appellant.

*C. N. Jepson* and *J. F. Stecker,* for appellees.

DEEMER, C. J.—Plaintiff is the owner of the East half of the Northeast quarter of Section 9, Township 88, Range 46, Woodbury county, Iowa. In the year 1882, a highway was

HIGHWAYS: adverse user: claim of right: prescription: estoppel: dedication.

duly established by the board of supervisors along the north side of said land, said highway being called the "Marquart Road." It commenced at the southeast corner of section 1 and ran thence west between sections 1 and 12, 2 and 11, 3 and 10, and 4 and 9, to the southwest corner of section 4,

where it turned and ran north between sections 4 and 5 to the north side of the township. In all the proceedings for the road, and as finally located, the direction of the road was, "thence west as nearly as practical on the section line." The land on and near the section line between sections 3 and 10 and just east of the point in dispute was quite high, the crest being near the southwest corner of section 3; and when the Marquart road was laid out, it encroached upon the land in section 10, so as to avoid the hill, and angled across the northeast quarter of the northeast quarter of section 9, until it again struck the section line between 4 and 9, when it followed the section line between the two sections, as shown on the attached plat.

Prior to this, a road known as the "Floyd Center," running north and south between sections ·3 and 4, had been established. This road did not exactly follow the section line, and, at the common corner of sections 3 and 4 and 9 and 10, was three chains west thereof. Whether this variation was due to the contour of the ground or not is left to inference. The "Marquart Road" was immediately opened for travel, and the traveled part made the jog and also cut off a triangular piece of land in the northeast quarter of section 9, as shown on the plat attached.

Plaintiff purchased his land in the year 1901; and at that time, the land was fenced so as to leave the triangular piece in the road. We should also state, in order to be accurate, that, some years after the Floyd Center road was established, it was changed to the section line.

In July of the year 1914, a third road, known as the "Newberg Road," was established. This road ran from the northwest corner of section 10 southward on the west 40 feet of the section to the center of the section, thence jogged west 20 feet, running south on the section line between 9 and 10, to connect with a county road on the section line. The Marquart road was fenced by some of plaintiff's grantors along the line shown on the plat between sections 4 and 9 and was improved and worked, as traveled, by the county authorities. Plaintiff made no change in the fences until the Newberg road was laid out, and then he concluded to so change them on the north as to put the road on the north line of his property, practically up to the section line, and to enclose the small triangular piece of ground shown on the plat. He put up some of the fence which the defendants, as road officials, tore down; and he then commenced this action to enjoin them from interfering with his plans and from tearing down his fences. He claimed that the road as traveled and worked is not where it was originally established; that he is entitled to the triangular piece of ground and to have the road straightened out; and that neither he nor any of his grantors

did anything which estops him from insisting that the road as established is upon the section line between sections 4 and 9. While admitting the use of the road by the public for more than 30 years, and that the same was worked by the county authorities, he insists that he had no notice that the public claimed rights thereto, and contends that the public gained no rights to his land either by estoppel or by adverse possession. It is conceded, of course, that, since the adoption of the Code of 1873, a highway or other easement cannot be established by evidence of use alone. See Code of 1873, § 2031. There must be evidence distinct from and independent of the use, and the party against whom the claim is made must have had express notice thereof.

It is not contended that plaintiff himself had any actual notice of the claim that the road was established where it is shown upon the plat; but plaintiff was not the owner, prior to 1901. His immediate grantor may not have had actual notice of the claim to the road; but his representative, who was in possession of the land, had this notice and fenced accordingly. Plaintiff has lived within a mile of the road in dispute for more than 40 years, and was one of the petitioners for the Marquart road. In opening the road and preparing the same for travel, the road was not placed where it is through mistake, but its course and distance deliberately chosen, because of the contour of the land. Even as located at the point in dispute, it is in a cut somewhere from 3 to 5 feet deep on the north and from 10 to 12 inches on the south. The travel has been confined to the road as opened and improved by the proper authorities, and the land has been fenced with reference thereto.

Claim has always been made that the road was laid out on the ground, opened and worked along substantially the lines where it was established, and the use has been with reference to this claim. It is not a case where the travel has departed substantially from the road as established and been without reference to established lines, as in many of the

cases cited for appellant. The road as established was to be, as nearly as practicable, on the section line; but, because of the topography of the ground, when said road was opened, it departed from these lines to some extent, not by mistake but from choice. Plaintiff knew of the use and improvement of the road and made no complaint thereof until nearly 13 years after he acquired the land. The case is ruled by the doctrines announced in *Brown v. Peck,* 125 Iowa 624; *Gray v. Haas,* 98 Iowa 502, and *Barnes v. Robertson,* 156 Iowa 730. In the *Barnes* case, *supra,* it is said:

"That a road was established somewhere across this land at that time is unquestioned; and we think it should be presumed, and, in the absence of a showing to the contrary, found that the road was traveled and worked by the public authorities substantially where it was located by such survey. But if this road had not been regularly established and located in 1860, there can be no serious question but that the public long ago acquired the right thereto by prescription. A road had been legally established across this land, and in using the way actually traveled, and in working and improving the same, the authorities and the public were undoubtedly acting under a claim of a right to such use. And such being the case the right of the public is complete, because the additional elements necessary to establish a road by prescription are present, as we have already pointed out. The facts, in our opinion, also show a dedication of the way traveled and an acceptance thereof, under the rules announced in *Fountain v. Keen,* 116 Iowa 406; *State v. Tucker,* 36 Iowa 487."

When a road is legally established, as this one was, and the proper officials, in opening it, either purposely depart from the exact line or believe that they are laying it out as established, and it is used and worked by the proper authorities under a claim and belief that it is on the line as established, or so near thereto as to justify the departure, there is a claim

of right, so that, if acquiesced in for the full period of 10 years by an abutting owner, it becomes, either by prescription or estoppel, the true road and must be recognized as such. As already intimated, the work done upon the road in controversy and the travel thereover were not due to any mutual mistake, but to the fact that the authorities always claimed that this was the road established by the board of supervisors. The travel was over this particular road and confined to .a narrow compass. It was not indiscriminate and fitful, but confined within certain and exact boundaries. Every element necessary to the establishment of a road by prescription is present; and the statute, to which reference has been made, requiring something more than proof of mere user has been fully met. Some leeway is permissible in laying out an established road upon the ground, especially where the establishment is as nearly as practicable upon a given line. And when such a road has been opened, laid out, worked and traveled as the one established by the proper authorities, and is so used and improved for the period of 10 years or more, it becomes the established road. The decree seems to be correct and it is—*Affirmed*.

LADD, GAYNOR and SALINGER, JJ., concur.