MARY·ANN DILLON, Appellee, v. TENNIE C. FEHD et al., ·`Appellants.

JANUARY 15, 1929.

*Thomas J. Bray*, for appellants.

*McCoy & McCoy* and *John E. Lake*, for appellee. ·

DE GRAFF, J.—On July 10,·1890, one Edris platted a·tract of. land in Mahaska County, including as a part thereof Lots 11, 12, 13, 14, and 15. ·All of the lots except 12 and 14, according to the plat, abutted upon a highway known as the Carbonado Road.

The plat also shows an "open way" between Lots 12 and 13 on the north, and 14 and 15 on the south. This so-called "open way" intersects with the Carbonado Road at the west corner common to Lots 13 and 15. The controversy is as to the right of appellants to obstruct or close this "open way."

The district court found that it was dedicated by the plat and subsequently accepted by the public as a highway. The evidence is none too certain or definite as to the material matters on either side. There is both evidence of acceptance by the public and a denial thereof. The question at this point was necessarily largely one of the credibility of the witnesses. One witness, at least, testified that there was work done on the highway, —grading, etc.,—by the township trustees. This is denied by appellants. One thing is definite, and that is that the land was platted into lots with the "open way" so laid out as to give access to each from the Carbonado Road. This "open way" has been used by the property owners and the public during all of the time since the plat was filed. The purpose of the maker of the plat must have been to construct a means of ingress and egress to and from the lots which he proposed to, and did, sell. The deeds of conveyance recited that:

"This deed also includes a private way along the south side of said lots [11, 12, and 13] which shall remain open for use as a road to grantees and heirs or assigns."

This provision appears in a number of the deeds.

In 1905, the owner of Lots 11, 12, and 13 conveyed the same to Mary R. Dunsmore, who, on October 7, 1912, conveyed the same to the appellant Tennie C. Fehd. These deeds contained the following provision:

"This deed also includes a private driveway along the south of said lots, which shall remain open for use as a road to grantee, her heirs, or assigns, and she warrants the title of the same to the said Tennie Claflin Fehd and to her heirs and assigns against all persons whomsoever."

The plat shows no dimensions of the "open way." The evidence is in dispute as to whether it was 20 or 30 feet in width. The fences do not appear to have been erected upon a definite line, prescribing at all points the same width of the road. The

preponderance of the evidence, however, shows that it exceeded 20 feet in width, and tended to show that a portion of it, at least, was 30 feet wide. The road was narrowed at some points by the subsequent setting out of the fence. We are disposed to accept the claim of appellees that the plat was intended to show the "open way" 30 feet in width.

In addition to the contention of appellant that the "open way" was platted and intended to be 20 feet in width, it is contended by them that the deed to Dunsmore and from Dunsmore to appellant revoked and vacated the plat. This is upon the theory that the conveyance was made before the "open way" was accepted by the public as a highway. It seems to us that the evident purpose of the platter was to provide a road for the use and benefit of the purchasers of lots, who have used and permitted the same to be used by the public for so many years that a vacation of the roadway could not have been intended by the conveyance. Whether the deed conveyed any title or a good title to the "open way" seems to us, under the circumstances, to be not very material. The intention to maintain the "open way" as a road for the use of everyone desiring to make use thereof is apparent. The exact date of acceptance by the township trustees on behalf of the public is not very clearly disclosed, but we may, perhaps, safely assume that it followed soon after the "open way" began to be used by the purchasers of lots and the public. The question of obstruction would seem to be conceded on the theory upon which this opinion proceeds.

It is not always easy to say exactly what will and what will not constitute acceptance of a dedication for public use by the public. It is clear that it must be something more than mere user. There is, as stated in this case, in addition to user for a long period of years, the testimony of at least one witness that work was done upon the road by township trustees with teams, and that a part of it, at least, was graded up. We think this sufficient. *Devoe v. Smeltzer,* 86 Iowa 385; *Hull v. City of Cedar Rapids,* 111 Iowa 466; *Joseph v. Sharp,* 172 Iowa 254; *Brown v. Peck,* 125 Iowa 624.

We are of the opinion that the decree of the district court is right, and it is—*Affirmed.*

ALBERT, C. J., and STEVENS, MORLING, and WAGNER, JJ., concur.